IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FILED**

SEP 26 2003

KENNETH J. MURPHY, Clerk
COLUMBUS, OHIO

JESSE COWANS,

    Petitioner,

-v-

MARGARET BAGLEY, Warden,

    Respondent.

Case No. C-1-00-618
JUDGE SARGUS
Magistrate Judge Abel

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. §2254. This matter is before the Court upon petitioner's renewed motion for an evidentiary hearing, (doc.no. 54), and respondent's memorandum in opposition, (doc.no. 55).

Petitioner requests an evidentiary hearing on two issues concerning the determination that he was competent to stand trial and to waive his right to present mitigating evidence. Specifically, petitioner seeks a hearing on his claims that, in light of his disruptive behavior during trial and his refusal to allow the presentation of any mitigating evidence, his trial attorneys were ineffective for failing to request a psychological evaluation of his competency to stand trial and waive mitigation, (ground 2(b)); and that the trial court erred in failing to *sua sponte* order a psychological evaluation, hold a competency hearing, and undertake other procedural safeguards to ensure that petitioner was competent to stand trial and waive mitigation, (ground 9). Petitioner argues that both claims are properly before this Court for a full review on the merits, rely on evidence outside of the record, and were never developed factually due to the failure of the state trial court to hold a postconviction hearing. Petitioner proposes to present testimony or evidentiary documents from petitioner's trial

attorneys, Mr. Wallace and Mr. Kennedy, as well as a clinical psychologist, Dr. Kristen Haskins, and an expert witness in the field of death penalty defense litigation.

Respondent argues that a hearing is neither permitted nor warranted. Specifically, respondent argues that petitioner has not demonstrated that he exercised due diligence in developing these facts in the state courts, that the record is sufficient to adjudicate petitioner's constitutional claims without being supplemented, and that there are no legitimate factual disputes to resolve.

Whether a federal court is permitted to conduct an evidentiary hearing in habeas corpus is governed by 28 U.S.C. §2254(e)(2). That section provides:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. §2254(e)(2)(1996). This statutory provision places substantial restrictions on the authority of district courts to conduct an evidentiary hearing. However, "[b]y the terms of its opening clause the statute applies only to prisoners who have 'failed to develop the factual basis of a claim in State court proceedings.' If the prisoner failed to develop the facts, an evidentiary hearing cannot be granted unless the prisoner's case meets the other conditions of §2254(e)(2)." *Michael Williams v. Taylor*, 529 U.S. 420, 430 (2000).

2

Thus, when a petitioner seeks to develop facts in an evidentiary hearing that were not considered by the state courts, and to have his constitutional claims considered in light of those new facts, petitioner is not entitled to an evidentiary hearing if he was at fault for the failure to develop the facts underlying his claims. Petitioner is at fault for the failure to develop the facts if he failed, based on the evidence that was available to him, to exercise due diligence in developing and presenting that evidence. *Williams, supra*, 529 U.S. at 432. Generally, petitioner exercises due diligence if he requests an evidentiary hearing in the state courts in accordance with state law. *Williams, supra*, 529 U.S. at 437; *see also Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2001)(holding that petitioner satisfied diligence requirement by raising his claim in appropriate forum and requesting a hearing that was never afforded by the state courts), *cert. denied*, 535 U.S. 940 (2002); *Jackson v. Anderson*, 141 F.Supp.2d 811, 828 (N.D. Ohio 2001)("The Petitioner sought an evidentiary hearing in state court, which was denied, and thereby satisfied the diligence requirement of §2254(e)(2)"). In Ohio, a postconviction applicant seeking an evidentiary hearing bears the initial burden of submitting evidentiary documents that materially advance the merit of his claims. *State v. Calhoun*, 86 Ohio St. 3d 279, 282-83 (1999); *State v. Lawson*, 103 Ohio App. 3d 307, 315 (Clermont Cy. Ct. App. 1995).

A review of the record suggests that petitioner was reasonably diligent in his efforts to develop the facts underlying these claims, notwithstanding respondent's argument to the contrary. Petitioner challenged the failure of the trial court to *sua sponte* order a competency hearing on direct appeal, where factual development is not permitted. Subsequently, petitioner challenged in postconviction proceedings both the failure of his trial counsel to request, and the failure of the trial court to order *sua sponte*, a mental examination and competency hearing in light of petitioner's

3

disruptive behavior and refusal to present mitigating evidence. Petitioner supported those claims with affidavits that were not a part of the trial record, and specifically requested as to each claim leave to conduct further discovery. In his prayer for relief, petitioner requested an evidentiary hearing. Under these facts, it would appear that petitioner satisfied the diligence requirement of §2254(e)(2). *See Jackson v. Anderson, supra*, 141 F.Supp. 2d at 828 ("The Petitioner sought an evidentiary hearing in the state court, which was denied, and thereby satisfied the diligence requirement of §2254(e)(2)."); *Morales v. Coyle,* 98 F.Supp. 2d 849, 893 (N.D. Ohio 2000)(quoting *Jackson v. Anderson, supra); but see Dowthitt v. Johnson*, 230 F.3d 733, 758 (5th Cir. 2000)("Mere requests for evidentiary hearings will not suffice; the petitioner must be diligent in pursuing factual development of his claim."), *cert. denied,* 522 U.S. 915 (2001).

Respondent argues that petitioner failed to satisfy the diligence requirement of §2254(e)(2) because while petitioner "technically" requested discovery and an evidentiary hearing, his requests were "minimal and unspecific," and too "general" to satisfy the burden set forth in §2254(e)(2). (Respondent's memorandum in opposition, doc.no. 55, at 7). Citing *Dowthitt v. Johnson, supra,* and *Byrd v. Collins*, 209 F.3d 486, 515-16 n.30 (6th Cir. 2000), *cert. denied,* 531 U.S. 1082 (2001), respondent insists that mere requests for an evidentiary hearing in the state courts will not suffice, and that petitioner must otherwise exercise diligence in developing the facts of his claims. But the authority cited by respondent does not extend to say that a litigant's efforts to obtain discovery and a hearing to develop his claims in state postconviction proceedings must reach a certain level of ardor in order to satisfy the diligence requirement in §2254(e)(2). Even so, the diligence exercised by petitioner in this case did go beyond "mere requests" for a hearing; petitioner submitted affidavits that were not part of the trial record, that were not obtained as a result of court-ordered discovery,

4

and which offered specific, credible support to his claims. Respondent does not suggest, and it is not clear to the Court, what more petitioner could have done to develop the facts underlying his claims.

Of course, even if the Court determines that a hearing is not precluded under §2254(e)(2), then the Court must determine in its discretion whether an evidentiary hearing *should* be held. *Campbell v. Vaughn*, 209 F.3d 280, 287 (3rd Cir. 2000), *cert. denied sub nom., Campbell v. Johnson*, 531 U.S. 1084 (2001). The fact that petitioner satisfies the threshold requirement in §2254(e)(2) "'does not mean he *is* entitled to an evidentiary hearing – only that he *may* be.'" *Jackson, supra,* 141 F.Supp.2d at 828 (quoting *McDonald v. Johnson*, 139 F.3d 1056, 1059-1060 (5th Cir. 1998))(emphasis in original). Evidentiary hearings in federal habeas corpus are intended to ensure that petitioner has a full and fair opportunity to develop the factual bases of his constitutional claims. But evidentiary hearings are not granted as a matter of course in federal habeas corpus. In determining whether an evidentiary hearing should be held, the relevant inquiry is whether a hearing would be meaningful in enabling the petitioner to advance his claim. *Campbell, supra,* 209 F.3d at 287.

In making the determination of whether an evidentiary hearing should be held, or even can be held under §2254(e)(2), it bears reminding that, to the extent that any factual issues *were* determined by the state courts, those determinations shall be presumed correct unless petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1)[1];

---

[1] Section 2254(e)(1) states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by

5

*Campbell v. Coyle*, 260 F.3d 531, 539 (6th Cir. 2001), *cert. denied*, 535 U.S. 975 (2002); *Clark v. O'Dea*, 257 F.3d 498, 506 (6th Cir. 2001), *cert. denied*, 535 U.S. 938 (2002); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir.), *cert. denied*, 527 U.S. 1040 (1999). Furthermore, to the extent that material factual issues were not resolved by the state courts, in spite of petitioner's diligence in attempting to develop those facts by submitting relevant evidence *dehors* the record, an evidentiary hearing may not be necessary if the record is sufficiently developed to enable the Court to make any necessary factual findings. An evidentiary hearing may not be necessary where the district court expands the record to include documentary evidence. *Cardwell v. Greene*, 152 F.3d 331, 337-8 (4th Cir.), *cert. denied*, 525 U.S. 1037 (1998), *overruled on other grounds, Bell v. Jarvis*, 236 F.3d 149, 160 (4th Cir. 2000).

> [W]e conclude that the district court properly declined to conduct an evidentiary hearing. *** Despite repeated assertions that analysis of his ineffective assistance claim requires an evidentiary hearing, Cardwell has failed to forecast any evidence beyond that already contained in the record, or otherwise to explain how his claim would be advanced by an evidentiary hearing. The district court has already expanded the record to permit the inclusion of the reports completed by Drs. Hart and Hagan. We have long held that the need for an evidentiary hearing may be obviated by such expansion of the record.

*Cardwell*, 152 F.3d at 338; *see also McDonald v. Johnson, supra*, 139 F.3d at 1060 (holding that evidentiary hearing was not necessary since district court had considered affidavits of petitioner and petitioner's trial counsel regarding plea).

On September 30, 2002, the Court issued an order granting in part and denying in part petitioner's first request for leave to conduct discovery, (doc.no. 48). Specifically, the Court granted petitioner leave to obtain any psychological and medical records on petitioner in possession of the

---

clear and convincing evidence.

Ohio Department of Rehabilitation and Corrections and the Ohio Adult Parole Authority, as well as any information Judge Ringland may have utilized to determined that petitioner was competent. Petitioner was given until November 29, 2002 to conclude formal discovery. In a motion petitioner filed on October 28, 2002, to extend his time for requesting an evidentiary hearing, (doc.no. 50), counsel for petitioner indicated that they had begun the discovery process, had interviewed petitioner's trial attorneys, and had undertaken a search for additional witnesses who might have information relevant to petitioner's claims. Beyond that, the record contains no indication either that petitioner collected any relevant documents or information through discovery or that petitioner has, in fact, completed discovery. Petitioner has not sought to expand record with any records he may have obtained through discovery and, likewise, did not submit any documents obtained through discovery in support of the instant renewed request for an evidentiary hearing.

The Court will now consider each of petitioner's evidentiary hearing requests.

### Claim 2(b) -- Ineffective Assistance of Counsel

First, petitioner seeks an evidentiary hearing on his claim that his trial attorneys performed deficiently and to his prejudice in not requesting a psychological evaluation to determine whether petitioner was competent to stand trial, in light of petitioner's bouts of disruptive behavior and refusal to present evidence in mitigation at the sentencing phase of his trial. To prove a claim of ineffective assistance of counsel, petitioner must demonstrate both that his attorneys' performance was unreasonably deficient and that petitioner was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner explains that a hearing is necessary because, while the deficient performance inquiry in this case is "uncomplicated," the prejudice inquiry is more complicated. According to petitioner, the relevant inquiry to be answered is not

whether petitioner was actually incompetent when he stood trial and waived mitigation in April of 1997, but whether there is a reasonable likelihood that petitioner would have been found to have been "significantly decompensated" had a psychological evaluation been performed and a competency hearing held. Respondent insists that petitioner's claim of ineffective assistance of trial counsel can be decided wholly on the record.

Since the Court has determined that an evidentiary hearing is not precluded by §2254(e)(2), the question before the Court is whether a hearing is necessary. *See Abdur'Rahman v. Bell*, 226 F.3d 696, 704-707 (6th Cir. 2000)(decision to hold evidentiary hearing is discretionary with the district court), *cert. denied*, 534 U.S. 970 (2001). In answering that question, the Court is mindful that "a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition 'alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.'" *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001)(quoting *Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir. 1994)(citation and internal quotation marks omitted)),*cert. denied*, 537 U.S. 831 (2002). Petitioner alleges that his trial attorneys performed deficiently and to his prejudice in not requesting a psychological evaluation, in light of petitioner's outbursts in the court room and refusal to allow the presentation of mitigating evidence.

The facts lend little support to petitioner's allegations. The record reflects that petitioner became disruptive several times during the voir dire proceedings, when he repeatedly and vehemently demanded new attorneys, (Tr.Vol. I, Exhs. 35, 36), and then towards the end of the trial proceedings against him, after the jury had found him guilty, (Tr. Vol. V, at 2491-2508, 2523-2529). Notwithstanding the unorthodox nature of petitioner's disruptive behavior, his remarks and answers to questions were otherwise responsive and lucid. In response to petitioner's explicit instructions

to his attorneys not to present any mitigating evidence or arguments on his behalf, and to his relatives and friends not to cooperate with the collection or presentation of mitigating evidence, the trial court gave trial counsel an opportunity to explain petitioner's position and the trial court subsequently engaged petitioner in a colloquy. Trial counsel explained that, even after their numerous discussions with him, petitioner explicitly refused to allow them to present a mitigation case and had not arrived at his decision lightly. During the initial colloquy between the trial court and petitioner on April 10, 1997, petitioner was responsive to the questions asked of him and demonstrated that he understood the ramifications of his decision, that he had the right to be present and in non-jail garb, and that his attorneys would be prepared to call witnesses if he wanted them. Tr. Vol. V, Exh. 49, at 2-8. But petitioner remained steadfast in his refusal to present mitigating evidence, and clearly explained to the trial court his reason:

> THE COURT: Do you mind telling me why, Mr. Cowans, you do not wish to proceed in a mitigation hearing?
>
> THE DEFENDANT: I feel that it would be biased. I feel that I can't get a fair shake out of a jury that found me guilty on something I didn't do.

Tr. Vol. V, Exh. 49, at 4.

The following day, when the mitigation hearing was scheduled to begin, trial counsel again explained that, after several discussions among petitioner, trial counsel, Dr. Jeffrey Smalldon, and mitigation specialist James Crates, it was petitioner's wish that no mitigating evidence be presented on his behalf. Tr. Vol. V, Exh. 50. Counsel repeatedly reserved the right to proffer evidence on petitioner's behalf, continued in their efforts to defend petitioner and subject the prosecution's case to adversarial challenge, and remained prepared to call witnesses in the event that petitioner changed his mind and acquiesced to the presentation of a mitigation case. Tr. Vol. V, Exh. 50, at 26, 29, 31-

32. Following the jury's recommendation that petitioner be sentenced to death, but prior to the trial court's pronouncement of sentence, counsel for petitioner reiterated petitioner's objection to a system requiring the same jury first to determine whether the defendant is guilty and then to objectively consider whether the defendant should be sentenced to death. Tr. Vol. V, Exh. 50, at 84. The trial court's written sentencing opinion contained numerous and discerning observations on the trial court's part of petitioner's behavior and demeanor throughout the trial proceedings. Appendix, Vol. III, at 40-42.

On direct appeal, the Ohio Supreme Court, after careful consideration, rejected petitioner's claim that the trial court had erred in not holding a hearing to determine whether he was competent to waive mitigation. The Ohio Supreme Court noted that, "when a capital defendant decides to waive his right to present mitigation, *** a court must inquire into his competence to do so if some reason, other than that decision, exists to question is competence," *Cowans*, 87 Ohio St. 3d at 82; Appendix, Vol. IV, Exh. 14, at 68 (discussing *Rees v. Peyton*, 384 U.S. 312 (1966), and *Hammett v. Texas*, 448 U.S. 725 (1980)). With that principle in mind, the Ohio Supreme Court went on to describe the various occasions when petitioner was uncooperative and disruptive, as well as those occasions when petitioner was cooperative and compliant. *Cowans*, 87 Ohio St. 3d at 82–83; Appendix, Vol. IV, Exh. 14, at 69. The Ohio Supreme Court also took care to note that "nobody on the spot thought Cowans's behavior raised any question as to his competence." *Id.* at 84; App. Vol. IV, Exh. 14, at 70. Noting that all of these incidents were reflected in the record and were obviously taken into consideration by the trial court, the Ohio Supreme Court reminded that, "factual determinations are best left to those who see and hear what goes on in the courtroom." *Id.* at 84; Appendix, Vol. IV, Exh. 14, at 69.

During postconviction proceedings, the trial court and court of appeals noted, as the Ohio Supreme Court had before, that petitioner's outbursts and trial counsel's failure to request an evaluation were reflected in the record. Finding that a capital defendant's behavior must be more than uncooperative to warrant a mental examination, and that petitioner's evidence *de hors* the record likewise presented no evidence that petitioner was legally incompetent, the state courts concluded that petitioner's claims challenging trial counsel's failure to request, and the trial court's failure to order, a mental evaluation could have been adjudicated on direct appeal. Appendix, Vol. V, Exh. 21, at 93-94 (trial court's findings of fact and conclusions of law); App. Vol. V, Exh. 26, at 254-260 (court of appeals' decision).

There is no basis in the record for questioning the state courts' determination throughout petitioner's state court proceedings that trial counsel performed adequately in not requesting a psychological evaluation of their client or the adequacy of the development of the facts on this issue. Petitioner steadfastly refused to allow the presentation of any mitigating evidence on his behalf, frequently directed verbal abuse towards the jury and trial court, and several times behaved in such a disruptive manner as to necessitate his removal from the courtroom. As the Ohio Supreme Court held, the decision by a capital defendant to forgo the presentation of mitigating evidence alone is insufficient to question is competency. *Cowans*, 87 Ohio St. 3d at 81-82; App. Vol. IV, Exh. 14, at 68.[2] Petitioner's behavior was indicative not of his incompetence, but of his anger with the jury's guilty verdicts and mistrust of the jury's willingness to consider any sentence less than death.

Nor does the non-record evidence submitted by petitioner during his postconviction

---

[2] To the extent petitioner challenges that premise, his dispute is one of law, and not one of fact requiring a hearing.

proceedings call into question the state courts' determination that trial counsel performed adequately in not requesting a psychological evaluation of Petitioner Cowans or the adequacy of the development of the facts on this issue. One of the exhibits submitted by petitioner was the affidavit of Steven Schlechty, who served as petitioner's spiritual advisor in the months leading up to his trial and who visited petitioner weekly. Exhibit 4 to the Amended Petition for Postconviction Relief; Appendix, Vol. IV, Exh. 19. Mr. Schlechty stated, among other things, that petitioner's difficulties with his attorneys were the result of his belief that they were not presenting evidence that he felt was crucial. Mr. Schlechty also stated that petitioner's refusal to allow the presentation of any mitigating evidence was the result of his belief that the jurors had already made up their minds that he was guilty and should be put to death. These observations on Mr. Schlechty's part suggest that petitioner had a substantial understanding of the proceedings against him, was intent on exonerating himself, and refused to present any mitigating evidence only because he was angry that he had been found guilty in the first phase of his trial. Nothing in Mr. Schlechty's affidavit indicated a concern about petitioner's mental state. Similarly, none of the affidavits by various family members and friends contained statements questioning petitioner's mental state. Exhibits 5, 6, 7, and 8 to the Amended Petition for Postconviction Relief; Appendix, Vol. IV, Exh. 19.

Petitioner also submitted an affidavit by Dr. Kristen Haskins, a clinical psychologist who had visited petitioner on March 17, 1998, and March 19, 1998, for a total of nine and a half hours. Exhibit 11 to the Amended Petition for Postconviction Relief; Appendix, Vol. IV, Exh. 19. In addition to conducting a clinical interview of petitioner, Dr. Haskins also administered several tests and reviewed numerous documents, records, and notes. In her affidavit, Dr. Haskins stated that petitioner was literate at a high school level and, at an IQ of 80-89, was of low average intellectual

functioning. She further stated that petitioner suffered from a severe personality pattern disturbance, but that he exhibited no significant neuropsychological deficit. Petitioner's decision to forgo the presentation of mitigation evidence and outbursts in the courtroom, according to Dr. Haskins, "*suggest* that his coping resources had been so severely depleted by the stress of the trial and that he was *possibly* psychologically decompensated to the point that he was unable to competently proceed" (emphasis added). *Id.* at ¶16. Dr. Haskins' affidavit, as the closest thing to a diagnosis of incompetency that petitioner could provide, was couched in terms such as "suggest" and "possibly." In petitioner's postconviction proceedings, the state courts concluded that Dr. Haskins' affidavit was speculative and did not provide credible evidence that petitioner was incompetent. Appendix, Vol. V, Exh. 21 (findings of fact and conclusions of law), Exh. 26 (appellate court decision). The state courts' conclusions were not unreasonable.

Petitioner also submitted an affidavit by Dr. Jeffrey Smalldon, who had evaluated petitioner in anticipation of testifying on petitioner's behalf at the mitigation hearing. Exhibit 41 to Amended Petition for Postconviction Relief; Supplemental Appendix, doc.no. 41, Exh. 19A. Dr. Smalldon characterized petitioner as emotionally immature, insecure, self-focusing, impulsive, unsocialized, the victim of extreme childhood deprivation, and suffering from Antisocial Personality Disorder, alcohol dependence, and polysubtance abuse. But Dr. Smalldon expressed no concern whatsoever as to petitioner's competency.

Thus, it does not appear that petitioner has alleged sufficient grounds for relief or that relevant facts are in dispute as to this claim. In *Mason v. Mitchell*, 320 F.3d 604, 621 (6th Cir. 2003), the Sixth Circuit concluded that an evidentiary hearing was necessary because relevant facts were in dispute. In *Greer v. Mitchell, supra*, 264 F.3d at 681, the Sixth Circuit concluded that an

13

evidentiary hearing was necessary because the record was insufficient to resolve petitioner's claims. Concomitantly, in *Sawyer v. Hofbauer*, 299 F.3d 605, 610-11 (6th Cir. 2002), *r'ng and suggestion for r'hng en banc denied* (Sept. 27, 2002), the Sixth Circuit concluded that an evidentiary hearing was not necessary because no relevant facts were in dispute. Moreover, in *Stanford v. Parker, supra*, 266 F.3d at 459, the Sixth Circuit concluded that an evidentiary hearing was not warranted because the petitioner had not specified, among other things, what could be discovered through and evidentiary hearing.

In the instant case, there are no factual disputes about what petitioner's trial attorneys did or did not do; they did not request a psychological evaluation to determine petitioner's competency. There is no genuine factual dispute about why counsel did not request a psychological evaluation; it is reasonable to conclude from the record that the omission of a request from trial counsel for a psychological evaluation of petitioner was based not on their failure to recognize indicia that would cause reasonable counsel to question petitioner's competence, but on their conclusion that there was no reason to doubt petitioner's competence. Further, petitioner has failed to allege what he facts he seeks or even hopes to develop through an evidentiary hearing. For the foregoing reasons, the Court is not persuaded that an evidentiary hearing would be meaningful in advancing petitioner's ineffective assistance of trial counsel claim, *see Gonzalez v. Phillips*, 147 F.Supp. 2d 791, 803 (E.D. Mich. 2001). Petitioner's renewed motion for an evidentiary hearing as to claim 2(b) is DENIED.

### Ground 9 -- Trial Court Error: Failure to Order Competency Hearing *Sua Sponte*

Petitioner alleges in his ninth ground for relief that the trial court erred in not *sua sponte* ordering a mental evaluation of petitioner, holding a competency hearing, or at least undertaking other procedural safeguards to ensure that petitioner was at all times competent to stand tria. Citing

*Pate v. Robinson*, 383 U.S. 375, 378 (1966), petitioner reasons that, since conviction of a legally incompetent defendant violates substantive due process, states must provide adequate procedures to protect accused individuals from being tried while incompetent. Petitioner argues that a "procedural" claim challenging the adequacy of a state's procedures for ensuring that a defendant was not convicted while incompetent, as opposed to a "substantive" claim alleging that a defendant was actually convicted while incompetent, does not require the claimant to prove that he was actually incompetent at the time of his trial, only that there was bona fide doubt regarding his competency which a reasonable judge would have recognized. Petitioner argues that an evidentiary hearing is necessary on this claim because he was never given the opportunity to develop the facts supporting his claim in the state courts.

For the reasons discussed more fully above in connection with petitioner's request for a hearing as to his claim challenging trial counsel's failure to request a mental evaluation to determine his competency, the Court concludes that a hearing is not warranted as to petitioner's claim challenging the trial court's failure to order a mental evaluation or to take other steps to ensure petitioner was competent to stand trial and waive mitigation. That is, it does not appear that petitioner has alleged sufficient grounds for relief or that relevant facts are in dispute as to his claim alleging unreasonable inaction on the part of the trial court. As the Court noted in detail above, petitioner's outbursts and disruptive behavior, as well as his adamant refusal to present mitigating evidence, are documented on the trial record. The record likewise contains multiple references by the trial court reflecting observance and consideration of petitioner's demeanor, behavior, responsiveness, and other indicators of his mental state. Further, the evidence *de hors* the record that petitioner submitted during his state postconviction proceedings, as the state courts determined, was

15

insufficient to establish doubts as to his competency during his trial or to otherwise call into question the adequacy of the trial court's failure to require a mental examination or hold a competency hearing.

Petitioner has not alleged, and it is not otherwise apparent to the Court, what facts could possibly be developed in a hearing that would advance petitioner's claim or otherwise be helpful in resolving petitioner's claim. Petitioner insists that he does not now seek to prove that he was actually incompetent when he stood trial and waived mitigation. Rather, petitioner apparently seeks to prove that the trial court was derelict in its duty to recognize indications of petitioner's incompetence. The record flatly belies a claim that the trial court unreasonably failed to recognize a bona fide doubt as to petitioner's competency during trial, and petitioner has not alleged any facts he could develop at a hearing that would establish otherwise. The affidavits that petitioner submitted in support of his postconviction action, like the trial record itself, give no indication that anyone close to petitioner at the time of his trial harbored any concerns whatsoever about petitioner's competency to understand the proceedings against him, assist in his defense, or make the decision to waive mitigation. Petitioner's renewed motion for an evidentiary hearing as to claim 9 must be denied.

### Conclusion

For the foregoing reasons, petitioner's renewed motion for an evidentiary hearing, (doc.no. 54), is DENIED.

9-26-2003
EDMUND A. SARGUS, JR.
United States District Judge