ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JESSIE COWANS, | : | |
| *Petitioner*, | : | Case No. C:1-00-618 |
| -*vs.*- | : | JUDGE SARGUS |
| | | MAGISTRATE JUDGE ABEL |
| MARGARET BAGLEY, | : | *This is a death penalty case.* |
| *Respondent.* | : | |

**PETITIONER'S MOTION TO STAY THIS CASE AND HOLD THIS CASE IN ABEYANCE PENDING EXHAUSTION OF PETITIONER'S MOTION FILED PURSUANT TO OHIO R. APP. P. 26(B)**

Petitioner Jessie Cowans, through counsel, requests that this Court stay these proceedings and hold this case in abeyance. Petitioner is in the process of returning to state court to fully exhaust his claim[1], which will be filed in state court on or before January 23, 2004, that he was denied the effective assistance of appellate counsel during his appeal of right in state court. The reasons for this request are explained in the attached Memorandum in Support.

---

[1] Petitioner has not sought to amend his *habeas* petition to add a *State v. Murnahan*, 63 Ohio St. 3d 60 (1992) claim as the Sixth Circuit has already held that such a claim would have to be dismissed and the matter stayed pending exhaustion of the claim. See, *e.g.*, **Hill v. Anderson**, 300 F.3d 679, 2002 WL 1836589, *4 (6th Cir. 2002). There is no issue of waiver in this case because Petitioner has been, and continues to be represented by Attorney Carol Wright, the attorney on direct appeal in state court.

1

Respectfully submitted,

HARRY R. REINHART (0008294)
Reinhart Law Office
One Americana
400 South Fifth Street, Ste 202
Columbus, Ohio 43215-5430
(614) 228-771

And

CAROL A. WRIGHT (0029782)
Attorney at Law
318 Berger Alley
Columbus, Ohio 43206
(614) 224-2999

BY:

*[signature]*

Counsel for Petitioner Jesse Cowans

## MEMORANDUM IN SUPPORT OF APPLICATION

A. *Introduction.*

The Supreme Court has held that the Due Process Clause of the Fourteenth Amendment guarantees the right to the effective assistance of counsel on direct appeal. See *Evitts* v. **Lucey**, 469 U.S. 387, 396-99 (1985). As in other context, appellate ineffective claims require proof that both parts of the *Strickland v. Washington*, 466 U.S. 668, 687 (1984) test. The context of a Defendant can satisfy the prejudice prong by demonstrating that there is a reasonable probability

that, but for the future to raise obvious and meritorious issues, he could have prevailed on appeal. See *e.g.*, **Mapes v. Coyle**, 171 F.3d 408 (6th Cir.), *cert denied* 528 U.S. 946 (1999).

A claimed violation of the Constitution warranting habeas relief is not ripe for consideration by a federal court until the state court has been presented with an "opportunity to apply controlling legal principles to the facts bearing upon the constitutional claim." **Picard v. Connor**, 404 U.S. 270, 276-77 (1971). State remedies are not deemed to have been exhausted until the petitioner has utilized all available procedures under state law to raise the claim. See 28 U.S.C. §2254(b) (1) (A) & (c). Prior to the enactment to Ohio R. App. P. 26(B) post-conviction was (for federal purposes) an appropriate remedy for a claim of appellate ineffectiveness.

Under state law, there simply was no practical way to raise the claim. See **State v. Murnahan**, 63 Ohio St.3d 60 (2992). App. R. 26(B) was enacted to create a procedure for raising this federal constitutional claim.

Petitioner has now identified an unexhausted federal constitutional claim which, if successful, would necessarily require vacation of Petitioner's death sentence. Therefore, this Court has jurisdiction over Petitioner's unexhausted claim of ineffective appellate assistance. Petitioner Jessie Cowans now moves this

Court to stay this case and hold it in abeyance so that he may exhaust his claim in the state courts.

**B.** *Law: A District Court May Stay A Habeas Case, Proceeding Under The AEDPA, To Allow A Petitioner A Reasonable Time To Return To State Court To Exhaust Claims In A Mixed Petition.*

A mixed *habeas* petition is one that includes both claims that have been fully exhausted in state court proceedings and unexhausted claims. In ***Rose v. Lundy***, 455 U.S. 509, 510 (1982), the Supreme Court ruled that "a district court must dismiss such 'mixed petitions', leaving the prisoner with the choice of returning the state court to exhaust his claims or amending or resubmitting the *habeas* petition to present only unexhausted claims to the district court." The Court's decision in ***Rose v. Lundy*** serves "the doctrine of comity which teaches that one court should defer action on causes properly within its jurisdiction until the court of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass muster upon the matter." *Id.*, 455 U.S. at 519 (citation and internal quotation marks omitted).

The AEDPA's one year filing deadline has created a new concern with regard to mixed *habeas* petitions, and the dismissal of such *habeas* petitions for exhaustion in state courts. In light of this concern, a district court may stay *habeas* proceedings for the exhaustion of a meritorious claim in order to avoid the

4

unexhausted claim from being time-barred under the AEDPA's statute of limitations period. In *Duncan v. Walker*, 121 S.Ct. 2120, 2130 (2001) (Stevens, J., concurring), Justice Stevens, joined by Justice Souter, explained that "although the Courts pre-AEDPA decision in *Rose v. Lundy* prescribed the dismissal of federal *habeas corpus* petitions containing unexhausted claims, in our post-AEDPA world there is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies."[2]

Justice Stevens's sage analysis in *Duncan v. Walker* has been followed in several circuits that have confronted the issue of mixed petitions filed in *habeas* cases proceeding under the AEDPA. In *Zarvela v. Artuz*, 254 F.3d 374, 380 (2nd Cir. 2001), the Second Circuit ruled that the district court may stay *habeas corpus* proceedings under the AEDPA to allow the petitioner to return to state court to exhaust unexhausted claims presented in a mixed petition. The Second Circuit explained that the policy of comity underlying *Rose v. Lundy*, and the AEDPA, is

---

[2] In *Duncan v. Walker*, the Court held that the filing of a federal *habeas* petition does not toll the AEDPA's one year limitations period under 28 U.S.C. § 2244(d). 121 S.Ct. at 2129. Thus, a *habeas* petitioner could be time-barred under the AEDPA if the Petitioner returned to state court to exhaust claims in his mixed petition under the procedure in *Rose v. Lundy* and if he was unable to get back into the district court within the prescribed tolling period of the AEDPA. *See* 28 U.S.C. § 2244(b)(2) and (d).

"reinforce[d]" when "a district court [does] not grant relief on unexhausted claims." The Second Circuit further explained that "[a]s to unexhausted claims a district court should exercise discretion either to stay further proceedings on the remaining portion of the petition or to dismiss the petition in its entirety." *Id.* The Second Circuit made clear that a district court should choose a stay of the proceedings over dismissal of a mixed petition proceeding under the AEDPA "where an outright dismissal could jeopardize the timelines of a collateral attack." *Id.* (citation and internal quotation marks omitted). *See* 28 U.S.C. §2244(b)(2) and (d). To eliminate concerns of undue delay involving a petitioner's return to state court for the exhaustion of claims, the Second Circuit ruled that "reasonable intervals of time" must be set. *Id.*, 254 F.3d at 381. A district "court should condition the stay on the petitioner's initiation of exhaustion within a limited period, normally 30 days, and a return to the district court after exhaustion is completed; also within a limited period, normally 30 days." *Id.*

The Sixth Circuit expressed its approval of the Second Circuit's "approach [in *Zarvela* as] eminently reasonable." *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Court explained that the Second Circuit's approach in *Zarvela* "addresses the equitable concerns raised by Justice Stevens in ***Duncan***, preserves the interest in comity embraced by ***Lundy***, and prevents the potential

abuse of the writ perpetuated by some petitioners." *Id.*, 276 F.3d at 780-81 (quoting **Duncan**, 121 S.Ct. at 2130 (Stevens, J., concurring)). However, the approach in **Zarvela** was inapposite to the facts presented in **Palmer** as the petitioner in **Palmer** exceeded "a reasonable period for a petitioner to return to federal jurisdiction [without good cause] for the two-month delay [in returning to the district court]." *Id.*, 276 F.3d at 781-82. In *Hill v. Anderson*, ___ F.3d ___, 2002 WL 1836589, *4 (6th Cir. 2002), the Sixth Circuit expressly adopted the Second Circuit's approach in **Zarvela**.

Approaches similar to the one taken by the Second Circuit in **Zarvela** have also been embraced by the Seventh and Ninth Circuits as well. "The Seventh Circuit has recommended that district courts stay mixed petitions." *Zarvela*, 254 F.3d at 380 (citing **Freeman v. Page**, 208 F.3d 572, 577 (7th Cir. 2000)). "The Ninth Circuit has recommended that district courts dismiss only the unexhausted claims of mixed petitions and stay the remaining clams." *Id.* (citing **Calderon v. United States District Court**, 134 F.3d 981, 986-88 (9th Cir. 1998)).

C. *Argument: This Court Should Stay Petitioner's Habeas Case To Permit Him To Exhaust His Meritorious I.A.C. Claim In The Ohio Courts.*

Mr. Cowans has a valid but unexhausted Ineffective Assistance of Appellate Counsel [I.A.C.] claim that has been filed in Ohio Supreme Court. See Exh. A, *Application For Reopening*, **State v. Cowans**, Ohio Sup. Ct. Case No. 97-1312,

7

filed January 23, 2004 and now pending disposition.. Mr. Cowans is presently before this Court on review of his § 2254 petition. Accordingly, this Court now has jurisdiction over Petitioner's unexhausted I.A.C. claim. For each of the following reasons, this Court should grant Petitioner's motion to stay this *habeas* case pending exhaustion of his I.A.C. claim.

Petitioner has respected the doctrine of comity in **Rose v. Lundy** by giving the Ohio courts the first opportunity to consider his I.A.C. claim. As in **Zarvela**, however, Petitioner's attempt to comply with the doctrine of comity "could jeopardize the timeliness of [his] collateral attack [regarding his unexhausted claim]." *See* **Zarvela**, 254 F.3d at 380 (citation and internal quotation marks omitted). Without a stay order, Petitioner's unexhausted I.A.C. claim is at risk of being time-barred by the AEDPA's one year statute of limitations period. *See* 28 U.S.C. §2244(b)(2) and (d). To avoid this harsh result, this Court should exercise its equitable powers and stay the exhausted claims pending full exhaustion of Petitioner's I.A.C. claim in the Ohio courts. *See* **Duncan**, 121 S.Ct. at 2130 (Stevens, J., concurring); **Hill**. The logic of Justice Stevens's concurrence in **Duncan**, that was followed in **Zarvela**, and endorsed by the Sixth Circuit in **Hill** and **Palmer**, applies to Petitioner's request for a stay with full force.

The AEDPA standard of review on the merits also favors Petitioner's

request. This Court's review of Petitioner's constitutional claim is circumscribed by 28 U.S.C. § 2254(d)(1) and (2). It is unclear how this Court may determine the reasonableness of a state court's decision on the merits of Petitioner's I.A.C. claim — unless there has been an adjudication of the merits by a state court. A stay of this *habeas* case for exhaustion of Petitioner's claim in the state courts may provide this Court a decision on the merits to facilitate its review under the AEDPA.

Petitioner's I.A.C. claim may prove to be successful in the state courts.[3] If

---

3  Petitioner has asserted the following errors as propositions of law in his Application To Reopen:

Proposition of Law No. I:
Trial counsel were constitutionally ineffective when they failed to ensure that Appellant's waiver of his right to present mitigation evidence was knowing, intelligent, and voluntary.

Proposition of Law No. II.
Trial counsel were constitutionally ineffective when they failed to establish the blood type found on a swab of blood taken from the crime scene, and to determine whether it belonged to the victim, the defendant, or some unknown assailant.

Proposition of Law No. III.
Trial counsel was constitutionally ineffective when they failed to challenge the state's evidence that a palm print, found in the victim's kitchen, allegedly matched Appellant's palm print.

Proposition of Law No. IV.

so, that success will certainly obviate the need for this Court to review any of Petitioner's other trial or penalty phase claims on *habeas* review. Judicial economy, as well as comity, are likely to be served by Petitioner's request. For all of these reasons, it makes sense to stay this case in order to allow Petitioner to exhaust his I.A.C. claim in the state courts.

Finally, Petitioner has been diligent in his pursuit of his I.A.C. claim. He does not seek this course of action for delay. *See Zarvela*, 254 F.3d at 381. He is merely respecting the valued policy of comity which demands that a *habeas* petitioner must first avail himself of available state remedies. *See Rose v. Lundy*, 455 U.S. at 518.

A stay in this matter will not hinder any legitimate governmental interest. Rather a stay will further the governmental, constitutional and societal interest in ensuring that defendants are executed without having received the effective assistance of counsel on direct appeal.

### D.  *Conclusion.*

Mr. Cowan's case is substantially similar to the situation identified in Justice Stevens's concurring opinion in *Duncan*. A failure by this Court to stay these

---

Appellant's death sentence was imposed in an arbitrary and capricious manner, in violation of the Eighth Amendment, when the jury was prevented from hearing relevant mitigation evidence due to Appellant's invalid waiver of mitigation without having his competency examined.

proceedings to allow for complete exhaustion may "foreclose federal review of a meritorious claim because of the lapse of AEPDA's 1-year limitations period." *See Duncan*, 121 S.Ct. at 2130 (Stevens, J., concurring). Petitioner should receive a stay under this Court's equitable powers to allow him to fully exhaust his I.A.C. claim.

Petitioner therefore requests that this Court grant a stay of his *habeas* case to allow him to exhaust his I.A.C. claim in the Ohio courts. Petitioner will return to this Court with his I.A.C. claim, within thirty days after complete exhaustion in the Ohio courts. *See Zarvela*, 254 F.3d at 381.

        Respectfully submitted,

        HARRY R. REINHART (0008294)
        Reinhart Law Office
        One Americana
        400 South Fifth Street, Ste 202
        Columbus, Ohio 43215-5430
        (614) 228-771

        And

        CAROL A. WRIGHT (0029782)
        Attorney at Law
        318 Berger Alley
        Columbus, Ohio 43206
        (614) 224-2999

By: _____
     Counsel for Petitioner Jesse Cowans

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Stay and Abey was sent by regular U.S. mail to Michael L. Collyer, Assistant Attorney General, State Office Tower, 30 East Broad Street, 17th Floor, Columbus, Ohio 43215-3428, and Daniel R. Ranke, Assistant Attorney General, 615 W. Superior Avenue, 11th Floor, Cleveland, Ohio 44113 this 23rd day of January, 2004.

_____
Counsel for Jesse Cowans