# EXHIBIT A

IN THE SUPREME COURT OF OHIO

| | |
|---|---|
| STATE OF OHIO, | ) |
| | ) Supreme Court Case No. 97-1312 |
| Appellee, | ) |
| | ) Trial Court Case No. 96-CR-005394 |
| -vs- | ) |
| | ) |
| JESSE COWANS, | ) **DEATH PENALTY CASE** |
| | ) |
| Appellant. | ) |

## APPLICATION FOR REOPENING

Now comes Appellant, Jesse Cowans, and respectfully requests that this Court grant his Application for Reopening under Ohio R. App. P. 26(B) and State v. Murnahan, 63 Ohio St. 3d 60, 584 N.E.2d 1204 (1992), because of the denial of effective assistance of counsel during Appellant's direct appeal. A Memorandum in Support is attached hereto and incorporated herein by reference.

Respectfully submitted,

DONALD WHITE
Clermont County Prosecutor
123 North Third Street
Batavia, Ohio 45103-3033

FILED
JAN 2 3 2004
MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO

COUNSEL FOR APPELLEE

DAVID H. BODIKER (0016590)
Ohio Public Defender

_/s/ Susan Roche_
SUSAN M. ROCHE (0070729)
Assistant State Public Defender
**Counsel of Record**

Office of the Ohio Public Defender
8 E. Long Street, 11th Floor
Columbus, Ohio 43215-2998
(614) 466-5394   Fax: (614) 644-0703

COUNSEL FOR APPELLANT

## MEMORANDUM IN SUPPORT

In State v. Murnahan, 63 Ohio St. 3d 60, 584 N.E. 2d 1204 (1992), this Court established a new procedure for raising claims of ineffective assistance of appellate counsel in Ohio state courts. Subsequent to Murnahan, this Court amended Ohio R. App. P. 26(B), reworking the procedure by which such claims should be raised in an Ohio court of appeals and this Court. The effective date of the new appellate rule was July 1, 1994. Under Ohio R. App. P. 26(B)(5), an application should be granted if a "genuine issue" exists regarding whether the applicant was denied effective assistance of appellate counsel.

### A.     PROCEDURAL HISTORY

Appellant Jesse Cowans was convicted in the Clermont County Court of Common Pleas of aggravated murder and was sentenced to death. Appellant was represented at trial by attorneys Michael P. Kelly and Bruce S. Wallace. Attorneys Carol Wright and Kristin Burkett represented Appellant on his direct appeal to this Court. Appellant filed a timely notice of appeal, and on October 29, 1999, this Court denied his appeal of right. State v. Cowans, 87 Ohio St. 3d 68, 717 N.E.2d 298 (1999).

### B. REOPENING IS REQUIRED

After a review of the direct appeal brief that was filed on behalf of Appellant Jesse Cowans, it is apparent that his appellate counsel were prejudicially ineffective for failing to raise meritorious issues that arose during his capital trial (see Exhibit A). Appellate counsel's failure to raise these issues presents a genuine issue as to whether Appellant Cowans was denied effective assistance of appellate counsel on his direct appeal.

Jesse Cowans's appellate counsel failed to raise before this Court that his sentence was imposed in an arbitrary and capricious manner when he was not informed about the rights he was waiving by refusing to present mitigation evidence. Also, there were three additional instances of ineffective assistance of trial counsel. Although counsel raised claims of ineffective assistance of counsel in Appellant's merit brief at Proposition of Law No. 1 and 7, counsel's argument was limited and overlooked three additional instances where trial counsel were deficient. In Proposition of Law No. 8, appellate counsel raised the claim that Appellant Cowans did not have the capacity to knowingly and intelligently waive mitigation. However, appellate counsel failed to raise the claim that Appellant's unconstitutional waiver was also a violation of the Equal Protection Clause because it was done in an arbitrary and capricious manner.

Appellate counsel's failure to adequately prepare and present this evidence violated Appellant's right to effective assistance of counsel. Appellant was substantially prejudiced by appellate counsel's ineffective representation and failure to raise meritorious claims. There is unquestionably a "reasonable probability" that, but for the ineffectiveness of appellate counsel, Appellant's aggravated murder conviction would have been reversed and his sentence of death vacated. Strickland v. Washington, 466 U.S. 668 (1984). Therefore, this Court should reopen his direct appeal.

Appellant identifies below, the meritorious issues not raised by appellate counsel that impacted the guilt determination and sentencing phases of his capital trial. Due to the page limitation imposed by Ohio App.R. 26(B), Appellant is unable to fully brief the issues not raised by prior appellate counsel and requests this Court to grant the application for reopening so that complete and proper briefing on the issues can be presented to this Court.

3

### C. GOOD CAUSE FOR FILING THIS APPLICATION AFTER THE 90-DAY LIMIT

Current counsel was assigned to represent Appellant Jesse Cowans in December 2003, pursuant to his pending writ of habeas corpus action in federal district court. (Cowans v. Bagley, Case No. C-1-00-618.) Undersigned counsel had not previously worked on Appellant's case. After reviewing relevant portions of the record, counsel determined that the arguments made on Appellant's behalf during his direct appeal before this Court were incomplete. Former state-court appellate counsel continues to represent Appellant in his federal habeas action. When they represented him in his direct appeal they omitted meritorious issues from the appellate brief. Because Appellant Cowans now has new counsel in this Court, this is the first opportunity he has had to bring this Application for Reopening.

### D. PROPOSITIONS OF LAW

The Due Process Clause of the Fourteenth Amendment guarantees effective assistance of counsel on a criminal appeal as of right. Evitts v. Lucey, 469 U.S. 387 (1985). Appellate counsel must act as an advocate and support the cause of the client to the best of their ability. See, e.g., Anders v. California, 386 U.S. 738 (1967); Penson v. Ohio, 488 U.S. 75 (1989). Failure to present a meritorious issue for review constitutes ineffective assistance of appellate counsel. See, e.g., Matire v. Wainwright, 811 F.2d 1430 (11th Cir. 1987); Peoples v. Bowen, 791 F.2d 861 (11th Cir. 1986). Had Appellant's direct appeal counsel presented the following meritorious issues to this Court, the outcome of his appeal would have been different:

Proposition of Law No. 1:

**Trial counsel were constitutionally ineffective when they failed to ensure that Appellant's waiver of his right to present mitigation evidence was knowing, intelligent, and voluntary.**

During the penalty phase of Appellant's capital trial, his attorneys presented no mitigation evidence on his behalf. Furthermore, they did nothing to ensure that Appellant understood that by waiving his right to present such evidence he was foregoing the only opportunity he would have to persuade the jury that he should not be sentenced to death.

Trial counsel should have acted to determine whether Appellant fully understood what he was foregoing by waiving the presentation of mitigation. Counsel should have requested a hearing to determine whether Appellant understood why a mitigation hearing was to be held, what supportive evidence was available, and that he was facing a certain death sentence if the jury heard nothing about his history, background or character. At the very least, trial counsel should have either questioned their client – or asked the court to question him – about his knowledge and understanding of these matters and whether he had been coerced into waiving mitigation. The fact that trial counsel failed to act is evidence of deficient performance that falls below the standards required by Strickland v. Washington, 466 U.S. 668 (1984).

The right to present evidence in mitigation of sentence is a substantial fundamental right subsumed within the Due Process Clause and required by the Eighth Amendment. It is a right "deeply rooted in this nation's history and tradition." Moore v. East Cleveland, 431 U.S. 494, 503 (1977). It is "so rooted in the traditions and conscience of our people as to be ranked as fundamental." Snyder v. Massachusetts, 291 U.S. 97, 105 (1934). It is a right "implicit in the concept of ordered liberty" such that "neither liberty nor justice would exist if [it] were sacrificed." Palko v. Connecticut, 302 U.S. 319, 325, 326 (1937). The social and constitutional consequences of the waiver of the right to present mitigating evidence at the sentence selection phase of a capital case under Ohio law are at least as significant as the waiver of the right to trial, confrontation and cross-examination occasioned by a guilty plea in a non-capital case.

5

Appellant was particularly prejudiced by his trial counsel's ineffective representation because at various stages of his trial he had demonstrated irrational behavior and an extreme distrust of his attorneys. Trial counsel's failure to ascertain whether their client was knowingly, intelligently, and voluntarily waiving his right to present mitigation must be viewed as substandard performance with any client. But in Appellant Cowans' case it was particularly important. His actions throughout the trial demonstrated that he was obviously suffering from some sort of mental impairment. When his trial counsel ignored Appellant's afflictions and failed to ascertain whether he fully understood the consequences of waiving mitigation, he was prejudiced. Counsel's failure to explain the consequences of not presenting mitigation to the jury undermines the confidence in his capital sentencing. Consequently, Appellant's rights under the Sixth and Fourteenth Amendment of the United States Constitution and corresponding provisions of the Ohio Constitution were violated.

### Proposition of Law No. II.

**Trial counsel were constitutionally ineffective when they failed to establish the blood type found on a swab of blood taken from the crime scene, and to determine whether it belonged to the victim, the defendant, or some unknown assailant.**

The state's witness, Ed Holt, of the Clermont County Sheriff's Office, testified that he collected a swab sample of blood which was found on the floor near the victim. Tr. 1739. However, in his testimony Holt did not identify the blood type of the sample he found at the scene. The victim's body underwent an autopsy, as testified to by Dr. Leopold Buerger. Tr. 1608-1637. The serology results of the autopsy revealed that the victim had a blood type of "O." Appellant's blood could have been drawn and typed, but it was not. With blood samples gathered from both individuals, trial counsel would have

6

established whether the blood was the victim's, Appellant's, or that of some unknown assailant. All of the information was available for presentation, but trial counsel failed to conduct an adequate investigation in this matter.

The Sixth Amendment to the United States Constitution guarantees to the criminal defendant the right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984). This right is violated when counsel's performance falls below an objective standard of reasonableness and the client is prejudiced by counsel's breach of duty. Id. at 690, 696. Only after a complete investigation can counsel make an informed, tactical decision about which information would be helpful in the client's case. Wiggins v. Smith, __ U.S. ___, 123 S.Ct. 2527 (2003); Williams v. Taylor, 529 U.S. 362 (2000); State v. Johnson, 24 Ohio St. 3d 87, 90 (1986)

Appellant suffered prejudice as a result of trial counsel's ineffectiveness. The failure of his attorneys to investigate and determine his blood type and that of the blood sample on the swab was unreasonable. Had they conducted such an investigation they would have been able to make an informed decision about how to use that information. Appellant was prejudiced by trial counsel's failure to act because the testimony about the blood sample appeared to be adversely significant. His attorneys had nothing to challenge such an inevitable assumption by the jury.

### Proposition of Law No. III.

**Trial counsel was constitutionally ineffective when they failed to challenge the state's evidence that a palm print, found in the victim's kitchen, allegedly matched Appellant's palm print.**

The state's witness, Ed Holt, of the Clermont County Sheriff's office testified regarding the manner in which he preserved the fingerprints/palmprint found on a piece

7

of plastic. These prints were entered into evidence at Appellant's capital trial. Tr. 1745-60. The state alleged that the fingerprint/palmprint evidence were those of Appellant Cowans. Tr. 1748-60. Holt admitted that he did not completely understand the scientific procedure of the "super-glue" method of fingerprint preservation. Appellant's trial counsel questioned Holt's qualification to testify about the procedure since he did not understand it. But they did not present expert testimony to explain the highly technical procedure or to describe why it was unreliable. Tr. 1750, 1751, 1755. Without this kind of expert testimony, the jury was left only with testimony that the fingerprint/palmprint procedure performed by the Clermont County Sheriff's Department was sufficient to connect Appellant to the crime scene.

The Sixth Amendment to the United States Constitution guarantees to the criminal defendant the right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984). This right is violated when counsel's performance falls below an objective standard of reasonableness and the client is prejudiced by counsel's breach of duty. Id. at 690, 696. Only after a complete investigation can counsel make an informed, tactical decision about which information would be helpful in the client's case. Wiggins v. Smith, __U.S. ___, 123 S.Ct. 2527 (2003); Williams v. Taylor, 529 U.S. 362 (2000); State v. Johnson, 24 Ohio St. 3d 87, 90 (1986)

Appellant suffered prejudice as a result of trial counsel's ineffectiveness because the fingerprints/palmprint were the single piece of direct evidence in the case that linked Appellant to the crime. The jury never heard how unreliable this evidence was.

### Proposition of Law No. IV.

**Appellant's death sentence was imposed in an arbitrary and capricious manner, in violation of the Eighth Amendment, when the jury was prevented from hearing**

**relevant mitigation evidence due to Appellant's invalid waiver of mitigation without having his competency examined.**

Appellant Cowans refused to permit the presentation of any evidence of mitigating circumstances at the sentencing hearing. Based on the verdict in the trial phase finding Appellant guilty of several aggravating circumstances, this decision required the jury to recommend death. O.R.C. §2929.03. Neither the trial court nor defense counsel undertook an inquiry sufficient to assure that Appellant actually understood the ramifications of his decision or whether he had the ability to make a knowing and intelligent decision to choose death.

In State v. Ashworth, 85 Ohio St. 3d 56 (1999) this Court held that there must be an on-the-record colloquy between the court and a defendant to determine that a defendant is knowingly, voluntarily, and intelligently waiving the presentation of mitigation evidence.

The Fourteenth Amendment's guarantee of equal protection requires similar treatment of persons similarly situated. This right extends to the protection against cruel and unusual punishment. A death sentence imposed in violation of the equal protection guarantee is a cruel and unusual punishment. Any arbitrary use of the death penalty also offends the Eighth Amendment. Furman v. Georgia, 408 U.S. 238, 249 (1972) (Douglas, J., concurring).

The failure of trial counsel and the trial court, to make any inquiry of Appellant about whether his waiver was knowing, intelligent, and voluntary, was arbitrary and capricious. He was not informed about the nature of the right he was waiving or the consequences of waiving that right. There was no finding by the trial court that Appellant even desired to waive his rights. Yet, the actions, comments and demands of Appellant throughout the trial and in pre-trial matters revealed strong evidence that he was not competent to waive presentation of mitigation evidence. There was no evidence in the record to find that Appellant Cowans was competent at the time mitigation was waived, but there was sufficient indicia to indicate his incompetence. As a result,

9

trial counsel and the trial court acted in an arbitrary and capricious manner when they failed to determine whether Appellant's waiver of mitigating evidence was knowing, intelligent, and voluntary. Consequently, his rights under the Eighth and Fourteenth Amendments of the United States Constitution were violated.

### D. RELIEF REQUESTED

Appellant Jesse Cowans has shown that there are genuine issues regarding whether he was deprived effective assistance of counsel on appeal with respect to the Propositions of Law noted. Appellant requests that this Application for Reopening be granted and that he be afforded an opportunity to file a new appellate brief with supporting materials, "in order to establish that prejudicial errors were made in the trial court and that ineffective assistance of appellate counsel in the prior appellate proceedings prevented these errors from being presented effectively to the court of appeals." See Ohio R. App. P. 26(B), Staff Note.

Respectfully submitted,

DAVID H. BODIKER (0016590)
Ohio Public Defender

SUSAN M. ROCHE (0070729)
Assistant State Public Defender
**Counsel of Record**

Office of the Ohio Public Defender
8 E. Long Street, 11th Floor
Columbus, Ohio 43215
(614) 466-5394
Fax: (614) 644-0703

COUNSEL FOR APPELLANT

EXHIBIT A

IN THE SUPREME COURT OF OHIO

| | |
|---|---|
| STATE OF OHIO, | ) |
| | ) Supreme Court Case No. 97-1312 |
| Appellee, | ) |
| | ) Trial Court Case No. 96-CR-005394 |
| -vs- | ) |
| | ) |
| JESSE COWANS, | ) DEATH PENALTY CASE |
| | ) |
| Appellant. | ) |

**AFFIDAVIT OF SUSAN M. ROCHE**

STATE OF OHIO )
) 
COUNTY OF FRANKLIN )

I, Susan M. Roche, after being duly sworn, hereby state as follows:

1. I am an attorney licensed to practice law in the state of Ohio since 2000 and in New York since 1988. From December 1998 to June 2000 I had temporary certification in Ohio. I have been an assistant state public defender in Ohio since 1998. My primary area of practice is capital litigation.

2. Due to my focused practice of law and my attendance at death-penalty seminars, I am aware of the standards of practice involved in the appeal of a case in which the death sentence was imposed.

3. The Due Process Clause of the Fourteenth Amendment guarantees effective assistance of counsel on an appeal as of right. Evitts v. Lucey, 469 U.S. 587 (1985).

4. The initial responsibility of appellate counsel, once the transcript is filed, is to ensure that the entire record has been filed with the Ohio Supreme Court. Appellate counsel has a fundamental duty in every criminal case, especially in a capital case, to ensure that the entire record is before the reviewing courts on appeal. Ohio R. App. P. 9(B); Ohio Rev. Code Ann. § 2929.05 (Anderson 1995); State ex rel. Spirko v. Judges of the Court of Appeals, Third Appellate District, 27 Ohio St. 3d 13, 501 N.E. 2d 625 (1986).

11

5.  After ensuring that the transcript is complete, counsel must then review the record for purposes of issue identification. This review of the record not only includes the transcript, but also the pleadings and exhibits.

6.  For counsel to properly identify issues, they must have a good knowledge of criminal law in general. Most trial issues in capital cases will be decided by criminal law that is applicable to non-capital cases. As a result, appellate counsel must be informed about the recent developments in criminal law when identifying potential issues to raise on appeal. Counsel must remain knowledgeable about recent developments in the law after the merit brief is filed.

7.  Since the reintroduction of capital punishment in response to the Supreme Court's decision in <u>Furman v. Georgia</u>, 408 U.S. 238 (1972), the area of capital litigation has become a recognized specialty in the practice of criminal law. Numerous substantive and procedural areas unique to capital litigation have been carved out by the United States Supreme Court. As a result, anyone who litigates in the area of capital punishment must be familiar with these issues in order to raise and preserve them for appellate and postconviction review.

8.  Appellate representation of a death-sentenced client requires recognizing that the case will most likely proceed to the federal courts at least twice: first on petition for Writ of Certiorari in the United States Supreme Court, and again on petition for Writ of Habeas Corpus filed in a federal district court. Appellate counsel must preserve all issues throughout the state court proceedings on the assumption that relief is likely to be sought in federal court. The issues that must be preserved are not only issues unique to capital litigation, but also case-and fact-related issues, unique to the case, that impinge on federal constitutional rights.

9.  It is a basic principle of appellate practice that to preserve an issue for federal review, the issue must be exhausted in the state courts. To exhaust an issue, the issue must be presented to the state courts in such a manner that a reasonable jurist would have been alerted to the existence of a violation of the United States Constitution. The better practice to exhaust an issue is to cite directly to the relevant provisions of the United States Constitution in each proposition of law and in each assignment of error to avoid any exhaustion problems in the federal courts.

10. It is important that appellate counsel realize that the reversal rate in the state of Ohio is eleven percent on direct appeal and two percent in postconviction. It is my understanding that forty to sixty percent (depending on which of several studies is relied upon) of all habeas corpus petitions are granted. Therefore, appellate counsel must realize that in Ohio, a capital case is very likely to reach federal court and, therefore, the real audience of the direct appeal is the federal court.

11. Based on the foregoing standards, I have identified four issues that should have been evaluated by appellate counsel and presented to the Ohio Supreme Court. These issues are meritorious and warrant relief. Had former appellate counsel presented this error to the Ohio Supreme Court, Appellant would have been given relief. Thus, appellate counsel's failure to present these errors raise a genuine issue as to whether Antonio Franklin was denied effective assistance of appellate counsel.

12. The Propositions of Law identified in Appellant's Application were not presented to the Ohio Supreme Court.

13. Based on my evaluation of the record and understanding of the law, I believe that if these errors had been presented for review, the Ohio Supreme Court would have granted relief. Also, those errors would have been preserved for federal review.

14. Therefore, Jesse Cowans was detrimentally affected by the deficient performance of his former appellate counsel.

_____
SUSAN M. ROCHE
Counsel for Appellant Jesse Cowans

Sworn to and subscribed before me this 23rd day of January, 2004.

_____
Notary Public

**KELLY A. HEIBY**
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION EXPIRES NOVEMBER 5, 2008

13

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing APPLICATION FOR REOPENING was forwarded by regular U.S. mail to the office of Donald White, Clermont County Prosecutor, 123 North Third Street, Batavia, Ohio 45103-3033, on the 23rd day of January, 2004.

                                                                                         _____
                                                                                         Susan M. Roche
                                                                                         Counsel for Appellant