**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JESSE J. COWANS**, *Petitioner,* | Case Number: C-1-00-618 |
| v. | Civil Action |
| **MARGARET BAGLEY, Warden,** *Respondent.* | JUDGE SARGUS <br> MAGISTRATE JUDGE ABEL |
| | (Death Penalty Case) |

**RESPONDENT'S BRIEF IN OPPOSITION TO PETITIONER COWANS'
MOTION TO STAY AND HOLD CASE IN ABEYANCE**

Now comes Respondent Margaret Bagley, by and through counsel, and hereby files her brief in opposition to Petitioner Cowans' motion to stay this case and hold this case in abeyance pending exhaustion of Petitioner's Murnahan application pursuant to Ohio R. App. P. 26(B).  A memorandum in support follows.

Respectfully submitted,

**JIM PETRO
Attorney General**

 /s/ Daniel R. Ranke
DANIEL R. RANKE (0047136)
(Trial Counsel) Assistant Attorney General
Capital Crimes Section
615 W. Superior Ave., 11th Floor
Cleveland, Ohio 44113
(216) 787-3030
(216) 787-3480 (fax)
CCSReview@ag.state.oh.us

**COUNSEL FOR RESPONDENT**

1

**MEMORANDUM**

Respondent Bagley opposes Petitioner Cowans' (hereinafter "Cowans") motion to stay this case and hold these proceedings in abeyance pending exhaustion of the ineffective assistance of counsel claims contained within Cowans' 26(B) motion filed in the Ohio Supreme Court on January 23, 2004. Cowans' motion to hold these proceedings in abeyance while he pursues a delayed application for reopening his direct appeal to the state court should be denied because Cowans' is unable to demonstrate good cause for his failure to initiate the state court proceedings in a timely manner.

Under the circumstances presented herein, this Court must look to Ohio law to determine whether there is still a viable state court remedy for Cowans to pursue his ineffective-assistance-of-appellate-counsel claims. <u>Teague v. Lane</u>, 489 U.S. 288, 298-299, 109 S.Ct. 1060, 1069, 103 L.Ed.2d 334 (1989) (High Court looked to Illinois law to determine the Illinois courts would find claims barred and concluding that the courts would); <u>Harris v. Reed</u>, 489 U.S. 255, 269-270, 109 S.Ct. 1038, 1047, 103 L.Ed.2d 308 (1989) (lower courts have looked to state procedural default rules to determine whether remedy is "available," citing two Sixth Circuit cases); <u>Matthews v. Evatt</u>, 105 F.3d 907, 914-916 (4th Cir. 1997) (analyzing South Carolina law to determine whether the petitioner would be able to meet an exception in a statute that would allow presentation of claim to state courts); <u>Duvall v. Purkett</u>, 15 F.3d 745, 747 (8th Cir.), *cert. denied*, 114 S.Ct. 2753 (1994) (Eighth Circuit looked at Missouri law to determine whether the petitioner could return to state court to exhaust the claim and concluded that the Missouri courts would not entertain an untimely action and "[t]herefore, [the petitioner] has no

available nonfutile state post-conviction remedy, and we must turn to the merits of the district court's conclusion that his federal habeas claims are procedurally defaulted").

Ohio law allows criminal defendants to raise claims of ineffective assistance of appellate counsel. The Murnahan procedure, set forth by the Ohio Supreme Court in State v. Murnahan (1992), 63 Ohio St.3d 60, requires a litigant to present claims of ineffective assistance of appellate counsel by requesting an application for delayed reconsideration within ninety (90) days of the journalization of the relevant appellant judgment. If a litigant files an application beyond the ninety day limit, the action can only proceed if good cause is shown for the delay. The Ohio Supreme Court decided Murnahan on February 19, 1992. Ohio Appellate Rule 26(B) was amended on July 1, 1993, in order to comply with the Ohio Supreme Court's suggestion of an appropriate amendment. Cowans' direct appeal to the Ohio Supreme Court concluded on October 20, 1999.

In the instant case, Cowans is unable to satisfy the good cause requirement for his failure to timely file his Murnahan application. In fact, Cowans motion to stay does not substantively address good cause for his failure to file the ineffective assistance of appellate counsel action in a timely manner. Rather, Cowans states only:

> Finally, Petitioner has been diligent in his pursuit of his I.A.C. claim. He does not seek this course of action for delay. See Zarvela, 254 F.3d 381. He is merely respecting the valued policy of comity which demands that a habeas petitioner must first avail himself of available state remedies. See Rose v. Lundy, 455 U.S. 518.

See Petitioner Cowans' motion to stay, p. 10. (ECF No. 64) Without stating "good cause" for his failure to assert the ineffective assistance of his appellate counsel, Cowans is precluded from having his delayed appeal considered by the Ohio courts.

Ultimately, Cowans will not be able to demonstrate good cause for his untimely application for reopening.  Abdullah v. Groose, 75 F.3d 408, 412-413 (8th Cir. 1996) (finding remedy unavailable in state court because it would be denied on timeliness grounds); Matthews v. Evatt, *supra* (finding that petitioner could not demonstrate to federal court that he would meet a state court exception that would allow claims to be addressed there on the merits).

Therefore, this Court should find that Cowans will not be able to meet the good cause exception of Ohio App.R. 26(B) and therefore there is no available remedy for him to pursue.  Since the remedy is not available and Cowans never fairly presented his claim to the Ohio courts, it is defaulted.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

Significantly, Cowans cannot demonstrate cause for his default of his ineffective assistance of appellate counsel claims.  In his state-court application for reopening, Cowans essentially argues that because one of his current habeas counsel also represented him on direct appeal to the Ohio Supreme Court, he was somehow prevented from filing a timely 26(B) application at the conclusion of his direct appeal in the fall of 1999. Cowans fails to explain how he was prevented from filing the 26(B) himself or through other counsel, such as the Ohio Public Defender, who currently represents Cowans in his 26(B) action.

In addition, the four claims Cowans raises in his 26(B) application for reopening, attached to Cowans' motion to stay as Exhibit A, were previously raised by Cowans in his amended petition for a writ of habeas corpus filed with this Court on May 7, 2001. (See First Amended Petition, pp. 8-9, all or part of claims for relief 2(B), (C), (D), (E), (F) and (G))  There seems to be no reason Cowans could not, at that time, have requested

a stay in order to present the identified claims to the Ohio courts for consideration although even that request would have been untimely in light of the Ohio's ninety day statute of limitations and Cowans' failure to satisfy the "good cause" requirement for an untimely filing.

Respondent further submits that an order of abeyance is unnecessary at this stage of the habeas proceedings. It has been established that the governing habeas corpus statutes as amended by the anti-terrorism and Effective Death Penalty Act (AEDPA) permits the district court to deny mixed petitions on their "merits." See Duncan v. Walker, 533 U.S. 167, 150 L.Ed.2d 251, 121 S.Ct. 2120 (2001) (AEDPA gives district court options of abating case to permit exhaustion or simply denying a petition containing unexhausted but non-meritorious claims) (Justice Stevens, joined by Justice Souter, concurring); Turner v. Artuz, 262 F.3d 118 (2nd Cir. 2001) (under AEDPA, district court has option to dismiss mixed petitions on the merits); Tapia v. Lemaster, 172 F.3d 1193, 1195 (10th Cir. 1999) (AEDPA expressly provides that district court may deny unexhausted claims on the merits). Therefore, even if this Court were to conclude that Cowans' ineffective assistance of appellate counsel claims are in fact unexhausted, the Court is not required to abate the habeas proceedings if the record as presently constituted is sufficient to deny the claims as non-meritorious. Accordingly, the Court need only consider granting the abatement motion if (1) the Court finds that the claim is unexhausted; and (2) the Court finds that the claim is meritorious. It is Respondent's position that Cowans is unable to satisfy both requirements necessary for issuance of a stay.

## CONCLUSION

For the foregoing reasons, Respondent respectfully requests that Petitioner Cowans' motion to stay this case be denied.

Respectfully submitted,

**JIM PETRO**
**Attorney General**

 /s/ Daniel R. Ranke
DANIEL R. RANKE (0047136)
(Trial Counsel) Assistant Attorney General
Capital Crimes Section
615 W. Superior Ave., 11th Floor
Cleveland, Ohio 44113
(216) 787-3030
(216) 787-3480 (fax)
**CCSReview@ag.state.oh.us**

**COUNSEL FOR RESPONDENT**

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2004, a copy of the foregoing Respondent's brief in opposition was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

S/Daniel R. Ranke
Daniel R. Ranke (0047136)
Assistant Attorney General
Capital Crimes Section
615 W. Superior Ave. 11th Floor
Cleveland, Ohio 44113
(216) 787-3030
(216) 787-3480 (fax)
CCSReview@ag.state.oh.us