**FILED**

TIME:_____

SEP 2 8 2004

JAMES BONINI, Clerk
COLUMBUS, OHIO

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JESSE COWANS,

        Petitioner,

    -v-

MARGARET BAGLEY, Warden,

        Respondent.

Case No. C-1-00-618
JUDGE SARGUS
Magistrate Judge Abel

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. §2254. This matter is before the Court upon petitioner's motion to stay this case and hold this case in abeyance, (doc.no. 64), and respondent's brief in opposition, (doc.no. 65).

This case is close to a final decision on the merits. This Court has already addressed petitioner's various motions for discovery and funds to employ certain experts, (doc.nos. 29, 48, 56), petitioner's motions for an evidentiary hearing, (doc.no. 60), and respondent's motion to dismiss certain claims as procedurally defaulted, (doc.no. 49).

During a telephonic status conference that took place on December 15, 2003, however, counsel for petitioner indicated petitioner would likely be filing a Rule 26(B) application to reopen his direct appeal in the Ohio Supreme Court to assert unexhausted claims of ineffective assistance of appellate counsel, and that petitioner's counsel would, at that time, file a motion in this Court to stay this case and hold these proceedings in abeyance. To that end, petitioner filed a motion on January 23, 2004 to stay this case, pending exhaustion of his Rule 26(B) application for reopening. (Doc.No. 64). Respondent filed a brief in opposition on February 2, 2004,

(doc.no. 65), and this matter is now ripe for review.

On January 23, 2004, represented by entirely new counsel[1], petitioner filed in the Ohio Supreme Court an Application for Reopening pursuant to Ohio R. App. P. 26(B) asserting four new claims of ineffective assistance of appellate counsel. (Motion to stay case, doc.no. 64, at Exh.A). In the instant motion for a stay, petitioner notes that he has not sought to amend his habeas corpus petition to add these four appellate counsel ineffectiveness claims. Petitioner argues, however, that although habeas corpus petitions containing both exhausted and unexhausted claims generally must be dismissed without prejudice in their entirety, *see Rose v. Lundy*, 455 U.S. 509, 510 (1982), the enactment on April 24, 1996 of a statute of limitations for habeas corpus petitions now makes dismissal imprudent, due to the risk that unexhausted claims will be time-barred under 28 U.S.C. §2244(b)(2) and (d). Petitioner argues that petitions containing exhausted and unexhausted claims should be stayed to permit exhaustion in the state courts. *See Duncan v. Walker*, 121 S.Ct. 121 S.Ct. 2120, 2130 (2001)(Steven, J., concurring); *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001). In seeking this stay, petitioner asserts that he is respecting the principles of comity and federalism by giving the state courts the first opportunity to consider what he asserts are meritorious claims that would require his death sentence to be vacated. Petitioner further argues that the standard of review in habeas corpus, set forth in 28 U.S.C. §2254(d)(1) and (2), also favors obtaining a state court decision adjudicating claims on the merits. Petitioner also reasons that, in the event he obtains relief in the state courts,

---

[1]    Petitioner is represented in this habeas corpus proceeding by Carol A. Wright and Harry R. Reinhart. Ms. Wright represented petitioner on his direct appeal of right, and has represented petitioner at all times since. Petitioner is represented in his Rule 26(B) proceedings to reopen his direct appeal in the Ohio Supreme Court by Assistant Ohio Public Defender Susan M. Roche.

there would be no need for this Court to consider any of his habeas corpus claims at this time. Finally, petitioner asserts that, in pursuing his Rule 26(B) application and requesting this stay, he does not seek undue delay in this habeas corpus proceeding.

Respondent opposes petitioner's motion for a stay. Respondent argues that because petitioner cannot demonstrate good cause for the untimely filing of his Rule 26(B) application for reopening, he cannot demonstrate that there is an available state remedy for the four new claims he seeks to present. Respondent further argues that, because petitioner cannot demonstrate that there is an available state remedy for the four new claims he seeks to present, those claims are procedurally defaulted rather than unexhausted. Petitioner argues in his Rule 26(B) application for reopening in the Ohio Supreme Court that his appellate attorneys performed unreasonably and to his prejudice in omitting four issues. Respondent points out that petitioner presented those four issues to this Court as early as May 3, 2001 – as claims 2(c), 2(f), 2(g), and 6 in his amended habeas corpus petition. Respondent argues that, at the very least, petitioner could have filed his Rule 26(B) application for reopening at the same time. Respondent further argues that, even assuming the Court finds that petitioner's claims are unexhausted, the Court could still deny them on the merits, since federal courts are permitted to deny, but never grant, unexhausted claims for relief. 28 U.S.C. §2254(b)(2). Thus, respondent argues, this Court should grant the stay only if the Court finds that petitioner's claims are unexhausted and meritorious.

On September 30, 2002, this Court issued an *Opinion and Order* finding that five of petitioner's claims were procedurally defaulted. (Doc.No. 49). Specifically, the Court granted respondent's motion to dismiss as procedurally defaulted claims 2(c), 2(f), 2(g), 6, and 11. In claim 2(c), petitioner argued that his trial attorneys were ineffective for failing to insure that

petitioner's purported waiver of his right to present mitigating evidence was knowing, intelligent, and voluntary. (Amended petition, doc.no. 15, at ¶15). Petitioner argued in claim 2(f) that his trial attorneys were ineffective for failing to investigate and present evidence to challenge blood and other biological evidence that was recovered at the crime scene and to exclude petitioner as the source. (*Id.* at ¶18). In claim 2(g), petitioner argued that his trial attorneys were ineffective for failing to investigate and present evidence to challenge the admissibility of expert evidence purporting to establish that a palm print from the crime scene belonged to petitioner. (*Id.* at ¶19). In his sixth claim for relief, petitioner argued that his rights under the Eighth Amendment were violated by imposition of the death sentence by a jury that was prevented from hearing and considering relevant mitigating evidence in the absence of a constitutionally voluntary waiver by petitioner and record evidence establishing petitioner's competency to execute a voluntary waiver of constitutional rights. (*Id.* at ¶¶ 35-39). The Court found that those claims were procedurally defaulted and that petitioner had not offered, much less demonstrated, cause and prejudice to excuse the default.

Ineffective assistance of counsel is asserted frequently as "cause." In order to qualify as cause for a procedural default, counsel ineffectiveness must rise to the level of an independent constitutional violation under the standard established in *Strickland v. Washington*, 466 U.S. 668, 687-89 (1984). "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default. *** So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington, supra*, we discern no inequity in requiring him to bear the risk of attorney error that results in a

4

procedural default." *Murray v. Carrier*, 477 U.S. 478, 486-88 (1986). The *Strickland* test

applies to appellate counsel. *Burger v. Kemp*, 483 U.S. 776 (1987).

In order to serve as "cause" sufficient to excuse the procedural default of another

constitutional claim, however, any claim of ineffective assistance of trial counsel must itself have

been preserved for habeas corpus review. *See Edwards v. Carpenter*, 529 U.S. 446 (2000).

Thus, a petitioner from Ohio who seeks to offer ineffective assistance of appellate counsel as

cause to excuse the default of another constitutional claim would have to demonstrate that he had

properly exhausted that particular claim of appellate counsel ineffectiveness in the state courts.

In Ohio, the procedure for raising claims of ineffective assistance of appellate counsel is an

application for reopening of the direct appeal pursuant to Ohio R. App. P. 26(B).

On January 23, 2004, represented by entirely new counsel, petitioner filed in the Ohio

Supreme Court an Application for Reopening pursuant to Ohio R. App. P. 26(B) asserting four

new claims of ineffective assistance of appellate counsel. (Motion to stay case, doc.no. 64, at

Exh.A). Specifically, petitioner has argued that his appellate attorneys performed unreasonably

and to his prejudice for failing to raise the four claims identified above, *i.e.*, claims 2(c), 2(f),

2(g), and 6, which claims this Court determined to be procedurally defaulted in its *Opinion and

Order* of September 30, 2002. (Doc.No. 49).

Petitioner asks the Court for an order staying this habeas corpus proceeding, pending

completion of his Rule 26(B) proceedings in the state courts. For the following reasons, the

Court finds that petitioner's motion is well taken and should be granted.

Initially, the Court notes, as petitioner has urged, that an order staying this habeas corpus

proceeding is appropriate under circumstances. In *Rose v. Lundy*, 455 U.S. 509 (1982), the

United States Supreme Court held that a federal district court must dismiss a habeas corpus petition containing both unexhausted and exhausted claims. *See also Pilette v. Foltz*, 824 F.2d 494 (6th Cir. 1987). *Rose v. Lundy, supra*, was decided, however, before the Antiterrorism and Effective Death Penalty Act of 1996 imposed a one-year statute of limitations on the filing of habeas corpus petitions (28 U.S.C. §2244(d)), and when a dismissal for failure to exhaust state court remedies did not pose the risk that any future habeas action would be barred by the statute of limitations.

> There is no basis to believe that today's holdings... will serve to "trap the unwary *pro se* prisoner." (BLACKMUN, J., post, at 1209.) On the contrary, our interpretation of §2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court. Just as *pro se* petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement. Those prisoners who misunderstand this requirement and submit mixed petitions nevertheless are entitled to resubmit a petition with only exhausted claims or to exhaust the remainder of their claims.

*Rose v. Lundy, supra*, 455 U.S. at 519. Thus, *Rose v. Lundy* "contemplated that the prisoner could return to federal court after the requisite exhaustion." *Slack v. McDaniel*, 529 U.S. 473, 486 (2000), citing *Rose v. Lundy, supra*.

Although the instant habeas corpus action was timely filed, the time period during which a federal habeas petition is pending does not toll the running of the statute of limitations under 28 U.S.C. §2244(d)(2). *Duncan v. Walker*, 121 S.Ct. 2120, 2124 (2001). Therefore, should this Court dismiss the petition in its entirety rather than stay proceedings while petitioner pursues additional state court remedies in this case, the one-year statute of limitations may bar any future habeas corpus filing.

6

In *Duncan v. Walker, supra*, Supreme Court Justices Souter and Stevens, concurring in part and concurring in the judgment, considered this conundrum:

> [A]lthough the Court's pre-AEDPA decision in *Rose v. Lundy*, 455 U.S. 509, 522... prescribed the dismissal of federal habeas corpus petitions containing unexhausted claims, in our post-AEDPA world there is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so when AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims, *see* 28 U.S.C §2254(b)(2)(1994 ed., Supp. V), and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period.

*Id.*, 121 S.Ct. at 2129.

Additionally, in *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the United States Court of Appeals for the Sixth Circuit held that under these circumstances:

> [a] district court should dismiss only the unexhausted claims in the habeas petition and stay further proceedings on the remaining portion until the petitioner has exhausted his/her remedies in state court. [*Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001)]. To allay the concern that a petitioner might take an undue amount of time to pursue state court remedies... a brief, reasonable time limit [should be imposed] upon the petitioner to present claims to state courts and return to federal court exhaustion, "normally 30 days" after a stay is entered for the former, and "30 days" after state court exhaustion is completed for the latter. *Id.* at 381.

*Id.*

In the instant case, the unexhausted claims at issue, *i.e.*, ineffective assistance of appellate counsel for the failure to raise the issues set forth in claims 2(c), 2(f), 2(g), and 6 have not been added to the habeas corpus petition. Thus, nothing prevents this Court from staying these proceedings while petitioner exhausts these claims in the state courts.

With respect to respondent's argument that petitioner has not shown good cause for the failing to file his Rule 26(B) within the time limits prescribed by state law, the Court is of the

view that this is an issue for the state courts to determine in the first instance. Waiting for the state courts to decide whether petitioner has violated a state procedural rule is prudent. *See, e.g., Landrum v. Anderson*, 185 F.Supp.2d 868, 872-73 (S.D. Ohio 2002).

Respondent also suggests that, even assuming this Court finds that petitioner's claims are unexhausted, this Court could simply deny those unexhausted claims on the merits. Th e Court is mindful that such a course of action is permitted under 28 U.S.C. §2254(b)(2), and there undoubtedly are circumstances under which that course of action would be the most prudent. But that is not the case here. It would be premature, in the absence of briefing from the parties, to try to determine whether the appellate counsel ineffectiveness claims that petitioner is litigating in the state courts are without merit. Moreover, it is still possible that the Ohio Supreme Court could grant relief on one or all of petitioner's appellate counsel ineffectiveness claims.

Although the timing of petitioner's Rule 26(B) application, as well as the instant request for a stay, is of concern, in light of the fact that petitioner waited more than a year after this Court issued its procedural default ruling to return to the state courts to exhaust appellate counsel ineffectiveness claims the Court can only assume he hopes to offer as cause to excuse the default of claims 2(c), 2(f), 2(g), and 6, the Court is not persuaded that petitioner is engaging in delay tactics in this case. He has already filed his Rule 26(B) application in the Ohio Supreme Court, and there is no reason to believe that a decision will not be forthcoming in the near future. Nor is the Court persuaded that any additional briefing by the parties or reconsideration by this Court that might be required will add inordinate delay to the resolution of this case. In the end, this Court, in dealing with death penalty cases, would rather err on the side of gathering too much

information than gathering too little.

The Court further notes that although the case is stayed, it intends to review and decide the issues already briefed on the merits. While the Court will issue its decision only after the Ohio Supreme Court rules on the unexhausted claims, it is entirely probable that by the time the decision from this Court is ready to issue, the Ohio Supreme Court will have also decided the unexhausted claims.

For good cause shown, petitioner's stay this case and hold the proceedings in abeyance, (doc.no. 64), is GRANTED. Petitioner is DIRECTED to FILE monthly status reports, beginning on November 1, 2004, advising this Court of the status of his state court proceedings. The stay will terminate when the judgment on petitioner's Rule 26(B) application becomes final.

**IT IS SO ORDERED.**

9-28-2004

**EDMUND A. SARGUS, JR.**
**United States District Judge**

9