IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION
(COLUMBUS)

| | | |
|---|---|---|
| JESSE J. COWANS, | ) : | |
| *Petitioner*, | ) : | |
| vs. | ) : | **Case No. C-1-00-618** |
| | | Judge Edmund A. Sargus, Jr. |
| MARGARET BAGLEY, WARDEN, | ) : | Magistrate Judge Mark R. Abel |
| *Respondent*. | ) | |

**PETITIONER'S SECOND MOTION FOR LEAVE TO AMEND HABEAS CORPUS PETITION**

Petitioner Cowans requests leave to amend his habeas corpus petition in order to include in this action the now exhausted claims raised in his state Rule 26(B) action. The reasons for this request are set forth in the accompanying memorandum.

         Respectfully submitted,

         /s/ Carol A. Wright
         Carol A. Wright (0029782)
         318 Berger Alley
         Columbus, Ohio 43206
         (614) 224-2999

         and

         Harry R. Reinhart
         Reinhart Law Office
         One Americana
         400 South Fifth Street, Suite 202
         Columbus, Ohio 43215-5430
         (614) 228-771
         *Counsel for Petitioner Jesse Cowans*

## **MEMORANDUM**

### Introduction

I.   **Petitioner Cowans Requests Leave To Amend His Petition In Order To Include In This *Habeas* Action The IAAC Claim That Is Now Exhausted.**

Petitioner Cowans seeks to amend his habeas petition to include the now exhausted claim listed below. The brief description of the claim is not intended to constitute full briefing of the merits. This claim has been fairly presented to the state courts. The Ohio Supreme Court has issued a merits rulings on this issue.

**FOURTEENTH GROUND FOR RELIEF**

**PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WHEN APPELLATE COUNSEL FAILED TO PRESENT MERITORIOUS ISSUES FOR REVIEW IN PETITIONER'S DIRECT APPEAL THEREBY VIOLATING PETITIONER'S RIGHTS AS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.**

The Due Process Clause of the Fourteenth Amendment Appellate counsel guarantees effective assistance of counsel on a criminal appeal as of right. *Evitts v. Lucey,* 469 U.S. 387 (1985). Appellate counsel must act as an advocate and support the cause of the client to the best of their ability. See, e.g. *Anders v. California*, 386 U.S.738 (1967); *Penson v. Ohio*, 488 U.S. 75 (1989). Failure to present a meritorious issue for review constitutes ineffective assistance of appellate counsel. See, e.g., *Maitre v. Wainwright*, 811 F.2d 1430 (11th Cir. 1987); *People v. Bowen*, 791 F.2d 861 (11th Cir. 1986). Appellate counsel failed to present meritorious issues for review including:

  1)   Trial counsel were constitutionally ineffective when they failed to ensure that Appellant's waiver of his right to present mitigation evidence was knowing, intelligent, and voluntary.

    2)    Trial counsel were constitutionally ineffective when they failed to establish the blood type found on a swab of blood taken from the crime scene, and to determine whether it belonged to the victim, the defendant, or some unknown assailant.

    3)    Trial counsel were constitutionally ineffective when they failed to challenge the state's evidence that a palm print, found in the victim's kitchen, allegedly matched Appellant's palm print.

    4)    Appellant's death sentence was imposed in an arbitrary and capricious manner, in violation of the Eighth Amendment, when the jury was prevented from hearing relevant mitigation evidence due to Appellant's invalid waiver of mitigation without having his competency examined.

The claim of Ineffective Assistance of Appellate Counsel is a free standing claim. It may also constitute cause for any default of the underlying claims. Where a constitutional claim is not properly raised on appeal, the alleged initial default may be excused by a showing of cause and prejudice. Cause is some objective factor external to the petitioner, over which he had no control, that deprived him of his ability to fully and fairly present his constitutional claim to the state courts. Constitutionally ineffective assistance may constitute cause. *Murray v. Carrier*, 477 U.S. 478 (1986).

A default based on the failure to present a constitutional claim that could have been fully resolved from the record at the first opportunity, *i.e.* direct appeal, may be excused if the petitioner can demonstrate that he was denied the effective assistance of appellate counsel and prejudice arising therefrom. *Murray v. Carrier* 477 U.S. 478, 482 (1986); *Evitts v. Lucey*, 469 U.S. 387 (1985). Again, in order for an ineffective assistance of appellate counsel claim to provide cause to excuse a federal default, that claim (the denial of the effective assistance of appellate counsel) must have been properly presented to the state courts. Petitioner has now presented the claim of ineffective assistance of

appellate counsel to the state courts and thus, may now rely on said claim as cause for any default found by this court.

## II. Justice Requires That Petitioner Cowans Be Granted Leave To Amend His Habeas Petition.

Section 2242 of Title 28, United States Code, states that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Habeas Rule 11 states that "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, where appropriate, to petitions filed under these rules." Taken together, these two provisions permit amendment of a habeas petition under Rule 15 of the Federal Rules of Civil Procedure. *Holiday v. Johnston*, 313 U.S. 342, 350 (1941); *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971). *See Withrow v. Williams*, 507 U.S. 680, 696 n. 7 (1993).

Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend a pleading] shall be freely given when justice so requires." In *Foman v. Davis*, the Supreme Court interpreted the phrase "freely given" in this rule and held that this phrase acts as a limitation on the district court's discretion to deny leave to amend an initial pleading. The Court stated that:

> "the Federal Rules rejected the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and [that it] accept[ed] the principle that the purpose of pleading is to facilitate a proper decision on the merits."

*Foman*, 371 U.S. 178, 181-182 (1962).

Generally, a first habeas petition must set forth all claims in order to prevent piecemeal adjudication of claims. *See McFarland v. Scott*, 512 U.S. 849, 860 (1994) (O'Connor, J., concurring); *Rose v. Lundy*, 455 U.S. 509, 520 (1982) (reviewing all

claims in single proceeding provides for more thorough and focused review).  The "discretion of the district court is not broad enough to permit denial" of a habeas petitioner's motion for leave to amend to include new claims where amendment would facilitate simultaneous resolution of all of the petitioner's claims.  *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984).  Additionally, liberal leave to amend a habeas petition is appropriate in capital cases.  *See Collins v. Byrd*, 510 U.S. 1185 (1994); *Riley v. Taylor*, 62 F.3d 86 (3rd Cir. 1995); *Fetterly v. Paskett*, 997 F.2d 1295 (9th Cir. 1993).

Finally, this Court granted the Petitioner's request for a stay, at least in part, anticipating the request for leave to amend the petition once the claim raised in the Rule 26(B) was completed. That action is now complete and accordingly leave to amend should now be granted.

**III.    Conclusion.**

Petitioner Cowans respectfully requests that this Court grant him leave to amend his habeas petition.

Respectfully submitted,

/s/ Carol A. Wright
Carol A. Wright (0029782)
318 Berger Alley
Columbus, Ohio 43206
(614) 224-2999

and

Harry R. Reinhart
Reinhart Law Office
One Americana
400 South Fifth Street, Suite 202
Columbus, Ohio 43215-5430
(614) 228-771
*Counsel for Petitioner Jesse Cowans*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above document was filed electronically on this 3rd day of November, 2004. Service on all parties will be accomplished through the electronic filing system

/s/ Carol A. Wright
*Counsel for Petitioner*