**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JESSE J. COWANS**, *Petitioner,* | Case Number: C-1-00-618 |
| v. | Civil Action |
| **MARGARET BAGLEY, Warden,** *Respondent.* | JUDGE SARGUS MAGISTRATE JUDGE ABEL |
| | (Death Penalty Case) |

**RESPONDENT'S BRIEF IN OPPOSITION TO PETITIONER COWANS'
SECOND MOTION FOR LEAVE TO AMEND HABEAS CORPUS
PETITION**

Now comes Respondent Margaret Bagley, by and through counsel, and hereby

files her brief in opposition to Petitioner Cowans' second motion for leave to amend

habeas corpus petition.  A memorandum in support follows.

Respectfully submitted,

**JIM PETRO
Attorney General**

/s/ Daniel R. Ranke
Daniel R. Ranke (0047136)
(Trial Counsel) Assistant Attorney General
Capital Crimes Section
615 W. Superior Ave., 11th Floor
Cleveland, Ohio 44113
(216) 787-3030
(216) 787-3480 (fax)
**CCSReview@ag.state.oh.us**

**COUNSEL FOR RESPONDENT**

**MEMORANDUM**

Respondent Bagley opposes Petitioner Cowans' (hereinafter "Cowans") second motion to amend his petition for habeas corpus and requests that this Court exercise its discretion to deny Cowans' motion. Respondent's opposition is three-fold: first, the claims raised in the amended petition are barred by the one-year statute of limitations for habeas corpus actions; second, the amended petition is part of a pattern of delay that has continued throughout this case; and third, an amendment at this advanced stage of the proceedings works to Respondent's prejudice.

The decision to amend a habeas corpus petition late in the case is entrusted to the discretion of the District Court. The United States Court of Appeals for the Sixth Circuit in the capital habeas case of <u>Coe v. Bell</u>, 161 F.3d 320, 341-342 (6th Cir. 1998) held in a similar situation that the district judge did not abuse his discretion in refusing amendment of the petition:

> The standard for reviewing denials of motions to amend is abuse of discretion … **"Delay by itself" is not sufficient to deny a motion to amend, but the delay in this case was substantial.** When combined with the prejudice cited by the district court, there were sufficient grounds for the district court to deny the motion. Coe may be right that, in hindsight, there would have been much less prejudice than the state initially predicted if the district court had granted the motion to amend promptly. However, we do not review the district court's hindsight. **At the time the district court rendered its decision, allowing amendment of the complaint would have caused prejudice.**

<u>Id.</u> (quotations and citations omitted, emphasis added).

This Court should not exercise its discretion to amend the petition at this late date - some four years after this case was filed and Cowans' execution stayed - because the proffered amended petition contains claims that are barred by the one-year statute of limitations applicable to habeas corpus petitions.

Under 28 U.S.C. §2244(d)(1), a petitioner seeking a writ of habeas corpus must file their petition within one year. Under §2244(d)(2), the statute of limitations is tolled whenever a properly filed application for post-conviction or other collateral review is pending. These subsections state, in their entirety:

(d) (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA statute of limitations begins to run from the latest of four circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A).

Cowans' ineffective assistance of appellate counsel claim was not included in the previously filed habeas petitions. Although Petitioner has raised a total of thirteen

separate grounds for relief in habeas and the underlying facts of this claim were clearly known to Petitioner throughout these proceedings, Cowans failed to specify any claim concerning the ineffective assistance of appellate counsel relating to (1) Cowans' waiver of the right to present mitigation evidence; (2) trial counsels' failure to establish the blood type of a blood sample allegedly connected to the crime scene; (3) trial counsels' failure to challenge the evidentiary value of a partial palm print discovered in the victim's kitchen matching Cowans' palm print; and (4) that Cowans' waiver, without the benefit of a competency evaluation prevented the jury from considering purportedly relevant mitigation evidence.  The fact that Petitioner Cowans had not yet exhausted this claim in the state courts at the time of the initial habeas filings is not sufficient justification for disregarding the one-year statute of limitations under AEDPA.  A Rule 26(B) application to reopen a direct appeal may, under certain circumstances, serve to toll the statute of limitations however it does not ever restart the AEDPA limitations period.  Searcy v. Carter, 246 F.3d 515, 519 (6th Cir. 2001).  In this instance, the fact that Cowans filed his 26(B) application well after the expiration of the one-year AEDPA limitations period had expired renders tolling inapplicable.  Wheeler v. Jones, 226 F.3d 656, 660 (6th Cir. 2000); Winkfield v. Bagley, 66 Fed Appx. 578; 2003 U.S. App. LEXIS 10789 (unpublished). Consequently, a habeas claim arising out of Cowans' 26(B) application is barred by the AEDPA one-year statute of limitations.

As a result, the expiration of the statute of limitations renders amendment futile. This is a recognized basis for denying a motion to amend under Civ. R. 15(A).  Forman v. Davis, 371 U.S. 178, 183 (1962) (noting that futility is a factor in the analysis for determining whether to allow amendment); see also Wright, Miller, Kane's Federal

Practice and Procedure Vol. 6, §1487 ("several courts have held that if a complaint as amended could not withstand a motion to dismiss, then the amendment should be denied as futile").  Professors Wright, Miller and Kane cite to <u>Neighborhood Development Corp. v. Advisory Council on Historic Preservation, Dept. of HUD, City of Louisville</u>, 632 F.2d 21 (6th Cir. 1980) and <u>DeLoach v. Woodley</u>, 405 F.2d 496, 496-97 (5th Cir. 1968) ("The liberal amendment rules of F.R. Civ.P. 15(a) do not require that courts indulge in futile gestures.  Where a compliant, as amended, would be subject to dismissal, leave to amend need not be granted.") for this proposition.  See <u>Id</u>. §1487 at n.26.

In addition, Cowans' proposed second amendment will on a smaller scale, start the habeas case over.  A new briefing schedule will be required, new procedural default analysis will be necessary, and new merit briefing will be required.  In addition, Cowans has not disavowed an attempt to seek discovery and an evidentiary hearing on his new claims.  As a result of these events yet to be addressed, this case will have been delayed in this Court for four years and scarce judicial resources will have been squandered.  The most recent amendment tops off this delay with ineffective-assistance-of-appellate-counsel claims that were raised over five years late in state court.

Finally, new briefing works to the Warden's prejudice for the reasons stated above.  This Court has been more than generous to Petitioner Cowans by allowing additional time for DNA analysis and the completion of certain discovery.  The Warden's interest in the finality of Cowans' conviction is compromised by continued delay.  Should his motion be granted, briefing will begin anew as to the ineffective assistance of appellate counsel issue.  As in <u>Coe</u>, <u>supra</u>, the prejudice in this case is apparent.  <u>See also,</u>

<u>Forman v. Davis</u>, 371 U.S. at 183 (noting that prejudice to opposing party is a factor to consider in deciding whether to allow amendment).

**CONCLUSION**

For the foregoing reasons, this Court should not allow Cowans' state actions to delay this federal case any longer. This case has been pending in federal court now for nearly four years. The Court should deny Cowans' second amendment request and proceed with the final resolution of this case.

Respectfully submitted,

**JIM PETRO**
**Attorney General**

 /s/ Daniel R. Ranke
Daniel R. Ranke (0047136)
(Trial Counsel) Assistant Attorney General
Capital Crimes Section
615 W. Superior Ave., 11th Floor
Cleveland, Ohio 44113
(216) 787-3030
(216) 787-3480 (fax)
**CCSReview@ag.state.oh.us**

**COUNSEL FOR RESPONDENT**

## CERTIFICATE OF SERVICE

I hereby certify that on November 17th, 2004, a copy of the foregoing Respondent's brief in opposition was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<div style="margin-left:50%">

S/Daniel R. Ranke
Daniel R. Ranke (0047136)
Assistant Attorney General
Capital Crimes Section
615 W. Superior Ave. 11th Floor
Cleveland, Ohio 44113
(216) 787-3030
(216) 787-3480 (fax)
CCSReview@ag.state.oh.us

</div>