**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION
(COLUMBUS)**

| | | |
|---|---|---|
| JESSE J. COWANS, | ) | |
| | : | |
| *Petitioner*, | ) | |
| | : | |
| *vs.* | ) | Case No. C-1-00-618 |
| | : | Judge Edmund A. Sargus, Jr. |
| MARGARET BAGLEY, WARDEN, | ) | Magistrate Judge Mark R. Abel |
| | : | |
| *Respondent.* | ) | |

_____

**PETITIONER'S REPLY IN SUPPORT OF HIS SECOND MOTION
FOR LEAVE TO AMEND HABEAS PETITION**
_____

I.    **INTRODUCTION**

On November 3, 2004, Petitioner filed his Second Motion to Amend His Habeas Petition ("Motion") [Doc. 68.]  He requested leave to include in his Petition a claim of appellate ineffectiveness which just prior to the filing of his Motion, he had completed the exhaustion process in the state courts.  *Id.*

On November 17, 2004, Respondent file a Memorandum in Opposition in which she opposed the Amendment for three reasons [Doc. 70.].  Respondent asserted that the Motion is: 1) barred by the one year statute of limitations, 2) a part of a pattern of delay and 3) would work to Respondent's prejudice.  *Id.*

As will be demonstrated herein, all three of the Respondent's contentions are incorrect.  The Court should grant the Motion

I.    **The Proposed Amendment is Not Barred by the Statute of Limitations**

Petitioner complied with the statute of limitations when he filed his initial Petition for Habeas Corpus on July 31, 2000.  [Doc. 5].  On May 1, 2000, the United States Supreme Court denied Cowans' Petition for Certiorari.  *Cowans v. Ohio* 529 U.S. 1102 (2000).  Petitioner had one year from May 1, 2000, in which to file his habeas petition.  28 U.S.C. §2244.  Respondent has never contended that the Petitioner's initial petition was barred by the statute of limitations.

Civil Rule 15 governs the amendment of habeas petitions.  *In re Morris*, 363 F.3d 891, (9th Cir. 2004); *Johnson v. United States,* 196 F.3d 802, 805 (7th Cir. 1999); 28 U.S.C. §2242.   *See also* R. 11 of Rules Governing Section 2254 Cases.  A proposed amendment relates back to the date of filing of the initial petition as long as the "claim…asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading."  Fed. R. Civ. P. 15(c)(2)  The claim of ineffective assistance of appellate counsel arose out of the same transaction which Cowans challenged in his initial petition: the state trial and conviction.  As such, the proposed amendment relates back as provided by the civil rules.  *Dean v. United States*, 278 F.3d 1218 (11th Cir. 1.10.02); *Newell v. Hanks*, 283 F. 3d 827 (7th Cir. 2002), *Felix v. Mayle*, 379 F.3d 612 (9th Cir. 2004).

Respondent's statute of limitations argument fails for a totally separate reason. Respondent's affirmative defense is grounded on the view that the AEDPA one-year statute of limitations applies to each claim contained in the petition as opposed to the petition as a whole.  In *Sweger v. Chesney,* 294 F.3d 506 (3rd Cir. 2002), the court determined that the AEDPA limitations period applies "to an application for a writ of habeas corpus" because 28 U.S.C. §2244(d)(1) makes no mention of a limitations period

for individual claims in a habeas petition.  The court found the claim-specific analysis espoused by the Respondent was "faulty".   *Sweger v. Chesney,* 294 F.3d at 514-515.

In *Walker v. Crosby* 341 F.3d 1240 (11th Cir. 2003), the court concurred with the *Sweger* analysis holding that the statute of limitations set forth in §2244 (d)(1) applied to the petition or application as a whole and not to the individual claims. The court relied upon the Supreme Court's holding in *Artuz v. Bennett*, 531 U.S. 4 (2000).  In that case the Supreme Court distinguished between an "application" and a "claim" because the AEDPA statute of limitations referred "only to 'properly filed' applications and not individual claims. The Supreme Court concluded that to hold otherwise and apply a claim by claim analysis would result in the peculiar outcome that a single application can be both 'properly filed' and not 'properly filed'." *Id.*  Under the Warden's argument this same peculiar outcome would occur.

The Sixth Circuit initially rejected this view.  In *Austin v. Mitchell*, 200 F.3d 391 (6th Cir. 1999), the Circuit court held that post-conviction motions toll the statute of limitations only if they include a federal claim.  *Austin v. Mitchell*, 200 F.3d at 394. Quite recently, in *Cowherd v. Million*, 380 F.3d 909 (6th Cir. 2004), the Court rejected that reasoning and held that *Austin* was no longer good law.  Instead, relying again on the distinction between a "judgment" and a "claim" as set forth in §2244(d)(2), the court held that whether or not the second post-conviction petition filed by Cowherd contained a federal claim was not dispositive.  Cowherd's petition was not time-barred because it was filed within one year of the second state post-conviction judgment. *Cowherd v. Million,* 380 F.3d at 913-914.

Therefore, if Cowans' App. R.26(B) was "properly filed", he has one year from the judgment in that action to file his amended petition. In *Artuz v. Bennett, supra,* the Court held that "an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz* at 7. Petitioner submits that the Rule 26(B) application was "properly filed".

For these reasons, the Respondent's argument that the amendment is barred by the statute of limitations fails.

## II.    There Is No Pattern Of Delay

The Respondent suggests that there is a pattern of delay in the case and therefore the amendment should be denied. In claiming delay, Respondent cites to the court's permitting additional time for DNA analysis and completion of certain discovery. [Doc. 70 at 5] But discovery in habeas corpus cases is specifically authorized by Habeas Rule 6. As recognized in *Harris v. Nelson*, 394 U.S. 286, 299 (1969), "[w]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief, it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry." *Bracy v. Gramley*, 520 U.S. 899, at 908-909 (1997). More importantly, this court found good cause for DNA analysis and for discovery. [Doc. 14, Doc. 48] The fact that those proceedings take time does not equate to an effort or pattern of delay by Petitioner.

Additionally, Petitioner Cowans was and is still represented by the one of the same counsel who represented him on direct appeal. That counsel could not have raised her own ineffectiveness. *See State v. Cole,* 2 Ohio St.3d 112, 443 N.E.2d 169 (Ohio 1982); *State v. Carter*, 36 Ohio Misc. 170, 304 N.E.2d 415 (Ohio C.P. 1973). It was not

until new counsel agreed to represent Mr. Cowans in his App. R. 26(B) application that the application could be filed.

Moreover, the claim could not be raised earlier because it was not exhausted until now. Had it been raised in the initial petition or in the first amended petition prior to exhaustion, Petitioner would have risked dismissal of the petition. See, *Rose v. Lundy* 455 U.S. 509 (1982). As Respondent argued previously, the "habeas corpus statues as amended by the anti-terrorism and Effective Death Penalty Act (AEDPA) permits the district court to deny mixed petitions on their "merits". See *Duncan v. Walker*, 533 U.S. 167, 150 L.Ed. 251, 121 S.Ct. 2120 (2001)(AEDPA gives district court options of abating case to permit exhaustion or simply denying a petition containing unexhausted but non-meritorious claims)(Justice Stevens, joined by Justice Souter, concurring." Respondent's Brief in Opposition to Petitioner Cowans' Motion to Stay and Hold Case In Abeyance" [Doc. 65 at 5].

Most importantly, this court recognized this fact and the appropriateness of staying the habeas procedure while this claim was exhausted in state court in its order of September 28, 2004. [Doc. 66 at 5-6] To grant the motion to stay in order to exhaust the IAAC claim and then to subsequently deny the motion to amend with the now exhausted IAAC claim would make no sense.

**III.    Prejudice To Respondent**

Finally, Respondent claims that she is prejudiced because Cowan's proposed amendment will "start the habeas case over." While they may be so, at least as to this proposed amendment, particularly in light of the need for substitute counsel, [see, Doc. 69], Respondent does not articulate any true prejudice. She suggests that scarce judicial

resources will have been squandered but what has gone on in the case up until this point is not squandered. As recognized by this Court in its Order granting the motion to stay, many of the claims are ripe for decision. That an amendment may add additional claims or revise certain arguments does not mean that all work done until this point has been squandered.

Under *McCleskey v. Zant*, 499 U.S. 467 (1991), Petitioner's counsel have an affirmative duty to conduct a reasonable investigation of all possible claims for relief and a concomitant need for access to procedural devices to assist them in complying with this duty. As the Supreme Court has repeatedly held, "death is different." Thus, death penalty habeas cases also must be treated differently than non-death penalty habeas cases due to the irrevocable nature of a death sentence. Indeed, Congress has articulated this concern through the Anti-Drug Abuse Act of 1988, which mandates the appointment of counsel in death penalty habeas cases and provides for funding of investigatory and expert services in such cases. *See* 21 U.S.C. § 848(q). Simply put, "if death is involved, the petitioner should be presented every opportunity possible . . . to present facts relevant to his constitutional claims." *Wilson v. Butler*, 825 F.2d 879, 883 (5th Cir. 1987). That a capital case may take longer than a non-capital case is an accepted fact in the practice and in the federal courts. Respondent cannot claim this as prejudice.

**IV.    Conclusion**

For the forgoing reasons, as well as those reasons set forth in Petitioner Cowans's Second Motion to Amend, this Court should permit the amendment of the petition for habeas corpus.

Respectfully submitted,

/s/ Carol A. Wright
Carol A. Wright (0029782)
318 Berger Alley
Columbus, Ohio 43206
(614) 224-2999

and

Harry R. Reinhart
Reinhart Law Office
One Americana
400 South Fifth Street, Suite 202
Columbus, Ohio 43215-5430
(614) 228-771
*Counsel for Petitioner Jesse Cowans*

## CERTIFICATE OF SERVICE

I hereby certify that the above document was filed electronically on this 22nd day of November, 2004.  Service on all parties will be accomplished through the electronic filing system

/s/ Carol A. Wright
*Counsel for Petitioner*