**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JESSE COWANS,**

        **Petitioner,**

        **-v-**

**MARGARET BAGLEY, Warden,**

        **Respondent.**

        **Case No. 1:00cv618**
        **JUDGE SARGUS**
        **Magistrate Judge Abel**

### OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. §2254. This matter is before the Court upon petitioner's second motion for leave to file an amended habeas corpus petition, (doc.no. 68), respondent's memorandum in opposition, (doc.no. 70), and petitioner's reply, (doc.no. 71).

On September 28, 2004, this Court issued an order staying this case to allow petitioner to exhaust in the state courts some claims of ineffective assistance of appellate counsel that had never been presented in these habeas corpus proceedings. *Opinion and Order* of September 28, 2004, doc.no. 66. In so doing, the Court noted its concerns about the timing of the new state court action filed by petitioner and his request for a stay, but was not persuaded that petitioner was engaging in intentional delay. The Court further concluded that the additional briefing that might be required following petitioner's attempted exhaustion of the new appellate counsel ineffectiveness claims would not result in inordinate delay. Finally, the Court noted that, in dealing with a death penalty case, it would rather err on the side of gathering too much information than gathering too little.

It appears that petitioner's new claims of appellate counsel ineffectiveness are now fully

exhausted, following the Ohio Supreme Court's decision on August 9, 2004 rejecting on the merits the application in which petitioner had presented his new claims of appellate counsel ineffectiveness, (doc.no. 67). Accordingly, petitioner filed the instant motion for leave to amend his habeas corpus petition to add those newly-exhausted claims, (doc.no. 68). Petitioner argues that the Court should exercise its discretion to permit him to amend his petition because the amendment is warranted under the standards set forth in Fed. R. Civ. P. 15, and because liberal leave to amend is that much more warranted in capital cases. Petitioner points out that the Court went so far as to grant his request for a stay so that he could exhaust the very claims he now seeks to add to his petition.

Respondent opposes petitioner's motion, arguing that the claims petitioner seeks to add are barred by the one-year statute of limitations set forth at 28 U.S.C. §2244(d), that the motion for leave to amend is part of a pattern of delay that petitioner has exhibited throughout this case, and that amendment at this point would create undue prejudice to respondent's legitimate interest in finality, (doc.no. 70). With respect to the argument that petitioner's new claims are time-barred, respondent argues that the judgment against petitioner became final on direct review well over four years ago, and that petitioner presented his appellate counsel ineffectiveness claims to the state courts, and to this Court, too late. Respondent also argues that petitioner has been engaging in a pattern of delay, asserting that the new briefing schedule, procedural default analysis, and merits briefing that would surely be required were this Court to permit the amendment would squander the four years' worth of work that has already gone into this case. In the same vein, respondent argues that this Court has already been more than generous in allowing DNA analysis and certain discovery.

2

Answering respondent's assertions, petitioner argues first that the claims he seeks to add are not time-barred. Petitioner argues that his motion for leave to amend the petition is governed by Fed. R. Civ. P. 15, and that under Rule 15, an amendment relates back to the date of the filing of the initial complaint because the claims he seeks to add arose out of the same conduct as those set forth in the initial habeas corpus petition, *i.e.*, petitioner's trial and appeal. Petitioner further argues that the statute of limitations set forth in §2244(d) applies to the habeas corpus petition as a whole, and not to individual claims. Petitioner also asserts that there has been no pattern of delay in this case and that respondent has failed to point to any true prejudice stemming from petitioner's proposed amendment. Petitioner argues that there is nothing about the addition of his newly-exhausted claims that would render worthless the work that has already been accomplished in this case, and that the fact that the DNA analysis and discovery granted by this Court took time to conduct does not equate to an effort on petitioner's part to engage in deliberate delay.

The Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), established time limits for commencing attacks on state convictions through habeas corpus proceedings under 28 U.S.C. §2254. Under the AEDPA, a state prisoner must commence the collateral attack within one year from the latest of:

>    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if he right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).  Petitioner's initial habeas corpus petition was timely filed and

respondent has never argued otherwise.

Amendments to habeas corpus petitions were contemplated by the habeas corpus statute,

and are governed by Rule 15 of the Federal Rules of Civil Procedure. 28 U.S.C. §2242,

addressing the habeas corpus application itself, states that "It may be amended or supplemented

as provided in the rules of procedure applicable to civil actions."  Similarly, Rule 11 of the Rules

Governing Section 2254 Cases states that "The Federal Rules of Civil Procedure, to the extent

that they are not inconsistent with these rules, may be applied, when appropriate, to petitions

filed under these rules."  Rule 15, of the Federal Rules of Civil Procedures, provides in relevant

part:

> (a) Amendments.  A party may amend the party's pleading once as a matter of
> course at any time before a responsive pleading is served or, if the pleading is one
> to which no responsive pleading is permitted and the action has not been placed
> upon the trial calendar, the party may so amend it at any time within 20 days after
> it is served.  Otherwise a party may amend the party's pleading only by leave of
> court or by written consent of the adverse party; and leave shall be freely given
> when justice so requires. ***.
>
> ***
>
> (c) Relation Back of Amendments.  An amendment of a pleading relates back to
> the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations
> applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the
> conduct, transaction, or occurrence set forth or attempted to be set forth in the
> original pleading....

Fed. R. Civ. P. 15.

With respect to habeas corpus petitions, the decision of whether to grant a motion for leave to amend rests within the discretion of the district court, but traditionally has been liberally granted. The Court of Appeals for the Sixth Circuit has held:

> Under Rule 15(a), leave to amend a pleading shall be freely given when justice so requires. This court has explained the factors that a district court should consider when deciding whether to grant leave to amend. Several elements may be considered in determining whether to permit an amendment. Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998)(quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). Though a district court's decision whether to grant a motion to amend the petition pursuant to Fed. R. Civ. P. 15(a) generally is reviewed for an abuse of discretion, where the denial is based upon futility, such denial may be reviewed *de novo*. *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 305 (6th Cir. 2001).

The United States Court of Appeals for the Sixth Circuit has held that a motion to amend a habeas corpus petition to include "entirely new arguments" that is filed after the statute of limitations has expired is futile and such claims do not relate back to the date that the initial petition was filed. *Oleson v. United States*, 27 Fed.Appx. 566, 570, unpublished, 2001 WL 1631828 (6th Cir. Dec. 14, 2001); *see also Taylor v. Myers*, 2003 WL 23846670 (W.D. Tenn. Apr. 30, 2003):

> [O]nce the statute of limitations has expired, allowing amendment of a petition with additional grounds for relief would defeat the purpose of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, *inter alia*, at 28 U.S.C. §2244 *et seq.*)(AEDPA). Oleson, 2001 WL 1631828 at *3 (citing *United States v. Thomas*, 221 F.3d 430,

436 (3d Cir. 2000)("[A] party cannot amend a §2255 petition to add a completely new claim after the statute of limitations has expired.")). *See also United States v. Pittman*, 209 F.3d 314, 317-18 (4th Cir. 2000)("The fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c).... Such a broad view of 'relation back' would undermine the limitations period set by Congress in the AEDPA" (citing *United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999)).

*See also Carson v. United States*, 2 Fed.Appx. 321, unpublished, 2001 WL 92184 (6th Cir. Jan. 26, 2001)(motion to amend filed after expiration of statute of limitations related back to the original motion to vacate where it did not raise new claims, but merely "streamlined" previous motion), citing Fed. R. Civ. P. 15(c); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 814-16 (2nd Cir. 2000); *United States v. Thomas*, 221 F.3d 430, 436 (3rd Cir. 2000); *United States v. Pittman*, 209 F.3d 314, 317-18 (4th Cir. 2000); *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999).

The majority of federal circuits to have considered the issue have likewise concluded that amendments to habeas corpus actions filed after the expiration of the statute of limitations are barred unless the petitioner merely seeks to clarify claims that he already raised. The United States Court of Appeals for the Fourth Circuit reasoned:

> The fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c). If we were to craft such a rule, it would mean that amendments to a §2255 motion would almost invariably be allowed even after the statute of limitations had expired, because most §2255 claims arise from a criminal defendant's underlying conviction and sentence. Such a broad view of "relation back" would undermine the limitations period set by Congress in the AEDPA. *See Duffus*, 174 F.3d at 337 (granting an untimely and unrelated amendment "would have frustrated the intent of Congress that claims under 28 U.S.C. §2255 be advanced within one year after a judgment of conviction becomes final").

*Pittman, supra*, 209 F.3d at 318. Similarly, the United States District Court for the District of

Columbia concluded:

> In the context of §2255 amendments, the courts have taken a relatively consistent
> approach to relation back.  Although Rule 15(c) could be read to mean that the
> relevant "occurrence" is the claimant's trial and sentencing, this interpretation has
> been resisted, and with good reason.  In most cases, a prisoner's claims for
> collateral relief will arise out of the same criminal conviction; therefore, if the
> defendant's trial and sentencing are construed to be the "occurrence," virtually
> any purported amendment will relate back.  Such a result would be difficult to
> square with Congress' decision to expedite collateral attacks by placing stringent
> time restrictions on §2255 motions.  *See Espinoza-Saenz*, 235 F.3d at 505;
> *Davenport*, 217 F.3d at 1345-46; *Pittman*, 209 F.3d at 318.
>
> ***
>
> ... [W]here the prisoner's amendment seeks merely to elaborate upon his earlier
> claims, this effort should not generally be barred by the statute of limitations....
>
> Thus, while an amendment offered for the purpose of adding to or amplifying the
> facts already alleged in support of a particular claim may relate back, *see Thomas*,
> 221 F.3d at 436 (observing that an amendment seeking "to correct a pleading
> deficiency by expanding the facts but not the claims alleged in the petition"
> would clearly fall within Rule 15(c)), one that attempts to introduce a new legal
> theory based on facts different from those underlying the timely claims may not,
> *see Dean*, 278 F.3d at 1221 ("Congress did not intend Rule 15(c) to be so broad
> as to allow an amended pleading to add an entirely new claim based on a different
> set of facts.").  These principles are faithful both to the underlying purposes of
> Rule 15(c) and to the concerns about drawn-out and unlimited collateral attacks
> on federal criminal judgments evinced by the passage of AEDPA.  They ensure
> that relation back will be allowed only where the original motion provides
> adequate notice of the prisoner's claims and the proposed amendment would
> neither change the fundamental nature of those claims nor prejudice the
> Government's defense by requiring it to prepare its case anew.  *See 6A Wright &
> Miller* §1497, at 84-85.

*United States v. Hicks*, 283 F.3d 380, 388-89 (D.C. Cir. 2002)(citations and quotations omitted).

On June 23, 2005, the United States Supreme Court considered this same issue, and

reversed a decision of the United States Court of Appeals for the Ninth Circuit permitting the

petitioner in a habeas corpus proceeding to amend his petition after the statute of limitations had

already expired to include a new claim not presented in the initial habeas corpus petition.  *Mayle*

*v. Felix*, – U.S. – , 125 S.Ct. 2562 (2005). "An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id*. at 2566. Noting that Fed. R. Civ. P. 15(c) provides that pleading amendments relate back to the date of the original pleading when the amended claim "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading," the Supreme Court explained that relation back is permitted "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id*. at 2570-71 (citation omitted). Under that narrow definition, an amended claim does not arise from the same core facts as the timely filed claims simply by virtue of stemming from the habeas petitioner's trial, conviction, or sentence. *Id*. at 2570.

Applying these principles to the instant motion, this Court rejects respondent's argument that the claims petitioner seeks to add to his petition are barred by the statute of limitations set forth at 28 U.S.C. §2244(d). As noted by the Supreme Court, to qualify for the "relation back" provisions set forth in Fed. R. Civ. P. 15(c), the claims that petitioner seeks to add in his amended petition must arise from the same core of operative facts as the claims set forth in the timely-filed habeas corpus petition. The Court is satisfied that the claims of appellate counsel ineffectiveness that petitioner seeks to add may be characterized as arising out of the same core of operative facts set forth in the original petition, *i.e.*, petitioner's trial and appeal, because it is patently obvious that petitioner will be asserting those appellate counsel ineffectiveness claims as cause to excuse the procedural default of claims that were raised in his habeas corpus petition.

8

That is, the appellate counsel ineffectiveness claims that petitioner seeks to add are not only related to, but actually dependent on, claims 2(c), 2(f), 2(g), and 6.

On September 30, 2002, this Court issued an *Opinion and Order* finding that five of petitioner's claims were procedurally defaulted. (Doc.No. 49). Specifically, the Court granted respondent's motion to dismiss as procedurally defaulted claims 2(c), 2(f), 2(g), 6, and 11. In claim 2(c), petitioner argued that his trial attorneys were ineffective for failing to insure that petitioner's purported waiver of his right to present mitigating evidence was knowing, intelligent, and voluntary. (Amended petition, doc.no. 15, at ¶15). Petitioner argued in claim 2(f) that his trial attorneys were ineffective for failing to investigate and present evidence to challenge blood and other biological evidence that was recovered at the crime scene and to exclude petitioner as the source. (*Id.* at ¶18). In claim 2(g), petitioner argued that his trial attorneys were ineffective for failing to investigate and present evidence to challenge the admissibility of expert evidence purporting to establish that a palm print from the crime scene belonged to petitioner. (*Id.* at ¶19). In his sixth claim for relief, petitioner argued that his rights under the Eighth Amendment were violated by imposition of the death sentence by a jury that was prevented from hearing and considering relevant mitigating evidence in the absence of a constitutionally voluntary waiver by petitioner and record evidence establishing petitioner's competency to execute a voluntary waiver of constitutional rights. (*Id.* at ¶¶ 35-39). The Court found that those claims were procedurally defaulted and that petitioner had not offered, much less demonstrated, cause and prejudice to excuse the default.

Ineffective assistance of counsel is asserted frequently as "cause." In order to qualify as cause for a procedural default, counsel ineffectiveness must rise to the level of an independent

constitutional violation under the standard established in *Strickland v. Washington*, 466 U.S. 668, 687-89 (1984). "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default. *** So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington, supra*, we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Murray v. Carrier*, 477 U.S. 478, 486-88 (1986). The *Strickland* test applies to appellate counsel. *Burger v. Kemp*, 483 U.S. 776 (1987).

However, in order to serve as "cause" sufficient to excuse the procedural default of another constitutional claim, any claim of ineffective assistance of trial counsel must itself have been preserved for habeas corpus review. *See Edwards v. Carpenter*, 529 U.S. 446 (2000). Thus, a petitioner from Ohio who seeks to offer ineffective assistance of appellate counsel as cause to excuse the default of another constitutional claim would have to demonstrate that he had properly presented that particular claim of appellate counsel ineffectiveness to the state courts. In Ohio, the procedure for raising claims of ineffective assistance of appellate counsel is an application for reopening of the direct appeal pursuant to Ohio R. App. P. 26(B).

On January 23, 2004, represented by entirely new counsel, petitioner filed in the Ohio Supreme Court an Application for Reopening pursuant to Ohio R. App. P. 26(B) asserting four new claims of ineffective assistance of appellate counsel. (Motion to stay case, doc.no. 64, at Exh.A). Specifically, petitioner has argued that his appellate attorneys performed unreasonably and to his prejudice for failing to raise the four claims identified above, *i.e.*, claims 2(c), 2(f), 2(g), and 6, which claims this Court determined to be procedurally defaulted in its *Opinion and*

10

*Order* of September 30, 2002. (Doc.No. 49). Petitioner now seeks to add those claims of ineffective assistance of appellate counsel. Admittedly, the amended claims are separated in "time" from the timely-filed claims, insofar as the issue of appellate counsel's performance was several years removed from the underlying trial errors that they, according to petitioner, appellate counsel were ineffective for failing to raise.

However, this Court is of the view that the amended claims are not separated in "type" from the timely-filed claims. The appellate counsel ineffectiveness claims that petitioner seeks to add are not only related to, but actually dependent on, claims 2(c), 2(f), 2(g), and 6 by virtue of the fact that the amended claims may be asserted as cause for the timely-filed claims. Beyond that, in the original petition, petitioner pleaded claims of ineffective assistance of trial counsel for failing to ensure that petitioner's waiver of his right to present mitigating evidence was knowing, intelligent, and voluntary. Several of the newly-pleaded claims of ineffective assistance of appellate counsel that petitioner seeks to add also are premised on establishing that petitioner's waiver was not knowing, intelligent, and voluntary. That being so, the Court concludes that the appellate counsel ineffectiveness claims that petitioner seeks to add arise out of the same core of operative facts as claims 2(c), 2(f), 2(g), and 6, which claims were set forth in the initial habeas corpus petition.

Petitioner's initial habeas corpus petition was timely filed and respondent has never argued otherwise. Thus, since the claims that petitioner seeks to add to his petition would relate back to the date that his initial habeas corpus petition was filed, those claims would be regarded

as timely filed, too.[1]

       In addition to the fact that the statute of limitations does not appear to bar the instant motion to amend the petition, it also appears that respondent did not raise the statute of limitations defense at the earliest possible opportunity. The statute of limitations established by the AEDPA is not jurisdictional; rather, it is an affirmative defense that can be waived if respondent does not plead it in a timely fashion. *Scott v. Collins*, 286 F.3d 923, 927-28 (6ᵗʰ Cir. 2002); *see also Steele v. Randle*, 37 Fed.Appx. 162, unpublished, 2002 WL 1215770 (6ᵗʰ Cir. June 4, 2002); *Harwell v. Million*, 77 Fed.Appx. 296, unpublished, 2003 WL 21801479 (6ᵗʰ Cir. Aug. 4, 2003). On January 23, 2004, petitioner filed a motion to stay this case so that he could exhaust the appellate counsel ineffectiveness claims that he had recently presented to the state courts in a Rule 26(B) application for delayed reopening. (Doc.No. 64). In that motion, petitioner clearly stated that he would be seeking to amend his habeas corpus petition to add those claims, pending their exhaustion. "Petitioner will return to this Court with his I.A.C. claim, within thirty days after complete exhaustion in the Ohio courts." (Petitioner's Motion to Stay this Case, doc.no. 64, at 11). Despite petitioner's explicit indication that he would be seeking to amend his habeas corpus petition to add recently-exhausted claims, respondent, in opposing petitioner's motion for a stay, did *not* argue that any such motion to amend the petition with newly-exhausted claims would run afoul of the AEDPA's statute of limitations. (Respondent's Brief in Opposition, doc.no. 65). Given petitioner's expressed intent in his motion for a stay to subsequently file a motion to amend his petition with newly-exhausted

---

[1]     Because the Court concludes, pursuant to Fed. R. Civ. P. 15(c), that the claims petitioner seeks to add would relate back to the date on which his initial petition was filed, the Court need not address the variations of arguments raised by the parties concerning the applicability of the statute of limitations.

claims, the Court is of the view that the statute of limitations defense should have been pleaded by respondent in her brief in opposition to petitioner's motion for a stay.

Having concluded that the claims petitioner seeks to add would relate back to the date that the initial habeas corpus petition was filed, thereby rejecting respondent's assertion that the claims petitioner seeks to add are time-barred, the Court has determined that it can permit petitioner to amend his petition. The Court must now determine, in its discretion, whether it should permit petitioner to amend his petition.

In this regard, respondent argues that petitioner has engaged in a pattern of delay, to which this amendment would only add; that permitting petitioner to amend the petition at this late date would, on a small scale, start this case over and squander the work that has already occurred in this case; and that respondent's reasonable interest in finality would be prejudiced. Guided by the Sixth Circuit's decisions in *Coe v. Bell*, and *Brooks v. Celeste*, the Court is persuaded that petitioner's second motion for leave to amend his habeas corpus petition should be granted.

The Court notes now, as it did in its order staying this case so that petitioner could exhaust the claims that he seeks to add, some concern about the late date of petitioner's actions in this regard. The initial petition was filed on July 31, 2000, and this Court's procedural default decision, which presumably alerted petitioner to the possible claims of appellate counsel ineffectiveness that he recently exhausted and now seeks to add, was issued on September 28, 2002. Petitioner explains that one of the attorneys representing him in the current habeas action also represented him on direct appeal and was, therefore, one of the attorneys whose ineffectiveness he sought to allege. Thus, it was not until another attorney volunteered to initiate

13

petitioner's Rule 26(B) application in the state courts that petitioner could proceed to exhaust those claims and seek to add them to his petition herein.[2]  Those circumstances in and of themselves, however, do not explain why a year and a half elapsed between the date of the Court's procedural default decision and the affirmative steps taken by petitioner to exhaust the appellate counsel ineffectiveness claims that he now seeks to add.  It seems implausible that it took petitioner a year and a half to find an attorney willing to present his unexhausted claims to the state courts in a delayed Rule 26(B) application for reopening.  Still, the Sixth Circuit has stated quite clearly that "[d]elay by itself is not sufficient reason to deny a motion to amend." *Coe, supra,* 161 F.3d at 341-42.  Rather, it is but one factor to consider.

Further, in spite of the questionable timing of petitioner's current request, the Court is no more persuaded now than it was when it stayed this case in September that petitioner has deliberately undertaken to delay this case.  There are simply no credible indications in the record suggesting that petitioner has engaged in a deliberate pattern of delay.  Any delay resulting from the time it took to complete discovery and DNA analysis cannot be blamed on petitioner; this Court found good cause for the same and those proceedings take time.  A review of the docket in this case reveals compliance by petitioner, for most part, with the deadlines that have been established, and there has been no pattern of multiple or unwarranted requests by petitioner for extensions of time.  Thus, this Court rejects respondent's assertion that petitioner has engaged in a pattern of delay in this case, and that the current motion to amend the petition is just more of the same.

---

[2]     Pending before the Court is a motion by habeas counsel, Carol Wright, for leave to withdraw from this case, due to the conflict of interest resulting from the fact that she was one of the attorneys who represented petitioner on direct appeal and whose ineffectiveness he alleged to the state courts and seeks to allege here.

The Court also rejects respondent's argument that allowing petitioner to amend his petition at this point will require this case to start anew, thereby squandering the work that has already been accomplished. The Court's rulings on issues such as discovery and procedural default, as well as the parties' briefs on the merits, for the most part, will remain intact; some supplemental briefing may be required, but not entirely new briefing. Thus, the Court is not convinced that allowing petitioner to amend his petition at this point will squander the work that has been accomplished in this case over the past four years. Further, assuming that the Court allows petitioner to amend his petition to add these four claims of appellate counsel ineffectiveness, the additional briefing that this Court foresees being necessary, including the possibility of a substitution of counsel for petitioner, is likely to add only a few months – not years – to this case. A delay of several months in a capital habeas case simply cannot be characterized as inordinate. Thus, in determining whether petitioner should be permitted to amend his petition, the Court is not persuaded either that petitioner has engaged in a deliberate pattern of delay or that any delay that will result from the allowing the amendment would be inordinate.

Further, the Court is not persuaded that the resulting prejudice to respondent will be undue or substantial. As the Court noted above, it seems unlikely that permitting petitioner to amend his petition will add more than several months to the resolution of this case. While any delay, theoretically, results in prejudice to respondent's interest in finality, a delay of a few months simply cannot be characterized as excessive, especially when the interests served by allowing the amendment include giving full and fair consideration to each credible constitutional claim that petitioner, who faces a death sentence, seeks to present for review. Thus, in

15

determining whether petitioner should be permitted to amend his petition, the Court is not persuaded that the prejudice to respondent would be undue or substantial.

For the foregoing reasons, the Court concludes that petitioner's second motion for leave to amend his petition should be granted. The claims that petitioner seeks to add are now exhausted and were addressed on the merits by the state's highest court. Petitioner has not engaged in a pattern of deliberate delay, and any delay that will result from allowing him to amend his petitioner will not be excessive. Similarly, the prejudice suffered by respondent's interest in finality, while existent, will not be undue or substantial, and is outweighed by the interests served in granting petitioner, who faces a death sentence, full and fair consideration of every credible constitutional claim that he seeks to present.

Thus, petitioner's habeas corpus petition is hereby amended to add the following claims for relief:

> **Fourteenth Ground for Relief:** Petitioner was denied the effective assistance of appellate counsel when appellate counsel failed to present meritorious issues for review in petitioner's direct appeal thereby violating petitioner's rights as guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution.
>
> 1)   Trial counsel were constitutionally ineffective when they failed to ensure that Appellant's waiver of his right to present mitigation evidence was knowing, intelligent, and voluntary.
>
> 2)   Trial counsel were constitutionally ineffective when they failed to establish the blood type found on a swab of blood taken from the crime scene, and to determine whether it belonged to the victim, the defendant, or some unknown assailant.
>
> 3)   Trial counsel were constitutionally ineffective when they failed to challenge the state's evidence that a palm print, found in the victim's kitchen, allegedly matched Appellant's palm print.
>
> 4)   Appellant's death sentence was imposed in an arbitrary and capricious

manner, in violation of the Eighth Amendment, when the jury was prevented from hearing relevant mitigation evidence due to Appellant's invalid waiver of mitigation without having his competency examined.

The parties are DIRECTED, within twenty (20) days of the date of this order, to supplement the joint appendix with all relevant pleadings, documents, and decisions relevant to the Rule 26(B) proceedings that were just completed in the state courts.

The Court will issue separate orders addressing the motion by petitioner's counsel, Carol Wright, to withdraw from petitioner's case, and scheduling a status conference to establish the final briefing schedule in this case.

**IT IS SO ORDERED.**

9-9-2005

EDMUND A. SARGUS, JR.
United States District Judge

17