IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JESSE J. COWANS, | : | |
| Petitioner, | : | Case No. 1:00-cv-00618 |
| -vs- | : | JUDGE SARGUS |
| MARGARET BAGLEY, Warden, | : | Magistrate Judge Abel |
| Respondent. | : | *Death Penalty Case* |

**PETITIONER'S MOTION FOR RECONSIDERATION OF OPINION AND ORDER DISMISSING GROUNDS FOR RELIEF 2(C), (F) AND (G) AND 6 (DOC. #49)**

Petitioner respectfully moves this Court to reconsider its September 30, 2002 Opinion and Order that dismissed Parts (c), (f) and (g) of his Second Ground for Relief and his Sixth Ground for relief for procedural default and to resolve same on the merits when this proceeding reaches the final adjudication stage of the proceedings.

As grounds for this motion, Petitioner submits that he has fairly presented a Sixth Amendment claim of ineffective assistance of appellate counsel (based on appellate counsel's failure to present the defaulted claims in his direct appeal) to the Ohio Supreme Court in an application for reopening and that he can now establish cause to excuse his earlier default and prejudice from his counsel's errors as more fully appears in the accompanying memorandum.

s/ Dennis C. Belli
DENNIS C. BELLI (0025216)
844 South Front Street
Columbus, Ohio 43206-2543
(614) 444-6556
bellilawoffice@yahoo.com

and

s/ Harry R. Reinhart
HARRY R. REINHART (0008294)
Reinhart Law Office
One Americana
400 South Fifth Street, Suite 202
Columbus, Ohio 43215-5430
(614) 228-7771

COUNSEL FOR PETITIONER

## **MEMORANDUM IN SUPPORT**

By Opinion and Order dated September 30, 2002, this Court granted Respondent's motion to dismiss Parts (c), (f) and (g) of Petitioner's Second Ground for Relief and the entirety of his Sixth Ground for Relief on procedural default grounds. The Court reasoned that these constitutional claims were not "fairly presented" in Petitioner's direct appeal from the judgment of the court of common pleas to the Ohio Supreme Court. (Doc. #49, pp. 23-25, 31-32, 34-38).

This Court did point out that a habeas petitioner may avoid the bar of procedural default by a "showing of cause for his failure to fairly present the claim [to the state court] and actual prejudice from the alleged error." However, it concluded that at the time of the ruling, Petitioner "has demonstrated neither." (Doc. #49, pp. 25-25, also pp. 33-34, 38).

It is well established that ineffective assistance of counsel may constitute adequate "cause" to excuse a procedural default if the default occurred at a stage of the state court proceedings in which the petitioner had a Sixth Amendment right to adequate counsel. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Petitioner unquestionably had a constitutionally mandated right to counsel in his first and only appeal in the state court system, *i.e.* his direct appeal from the court of common pleas to the state's supreme court.

Before a habeas petitioner may rely on the ineffective assistance of his counsel in the state courts as "cause," the Sixth Amendment claim must have been fairly presented to the state courts and must not have itself been procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 450-452, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). If the state court declines to reach the merits of the Sixth Amendment ineffectiveness claim on grounds that the petitioner failed to comply with a state procedural rule, the petitioner may still rely upon the ineffectiveness of counsel as "cause" if the state procedural rule "does not constitute an adequate procedural ground to bar federal habeas review of the ineffective-assistance claim." *Id.*

A review of Petitioner's application for reopening reveals that he has fairly presented to the state court his claim that counsel in his direct appeal were ineffective for failing to raise the constitutional claims that are the subject of this motion for reconsideration. (Doc. 74-2, Ex. A, pp. 5-11). In his Responsive Merit Brief as to Ground for Relief No. 14 filed today, Petitioner has explained in detail why the claim of

ineffective assistance of appellate counsel has not been procedurally defaulted. (Doc. #79, pp. 2-9). Petitioner incorporates these arguments by reference herein.

In the same merit brief, Petitioner has also set forth the reasons why appellate counsel's failure to raise the omitted claims of error constitutes representation that falls below the level of performance required by the Sixth Amendment and why he was prejudiced by the constitutionally deficient performance of appellate counsel. (Doc. #79, pp. 9-21). Petitioner likewise incorporates this argument by reference herein.

If this Court agrees with Petitioner that he was deprived of his right to effective assistance of appellate counsel as claimed in his Fourteenth Ground for Relief, then "cause" exists to excuse the procedural default of Parts (c), (f) and (g) of his Second Ground for Relief and his Sixth Ground for Relief. The question of whether he suffered "prejudice" within the meaning of the "cause" and "prejudice" exception is necessarily intertwined with consideration of the merits of the omitted claims.

Obviously, if the omitted claims would otherwise warrant habeas relief in the absence of a procedural bar, then their omission from the state court appeal due to counsel's ineffectiveness was prejudicial. In his previously filed "traverse," Petitioner has fully briefed the merits of the omitted claims. (Doc. #42, pp. 35-39, 51-56, 82-88). For the reasons set forth in the traverse, Petitioner believes that the omitted claims are meritorious and that he is otherwise entitled to habeas relief thereon.

Petitioner respectfully requests the Court to reconsider its prior dismissal of these claims on the basis that appellate counsel's ineffectiveness constituted sufficient "cause" to excuse his failure to raise those claims at the earliest opportunity in his direct

appeal and that he was prejudiced by counsel's constitutionally deficient representation. He further requests the Court to resolve these claims on the merits when this proceeding reaches the final adjudication stage.

The record indicates that appellate counsel's continued representation of Petitioner in this habeas action delayed the presentation and exhaustion of his ineffective assistance of appellate counsel claim prior to this Court's September 30, 2002 ruling on Respondent's motion to dismiss. While the Court has expressed concern over the lapse of time between the dismissal ruling and the subsequent filing of the application for reopening in the state court, it ultimately was not persuaded that Petitioner engaged in a deliberate pattern of delay. (Doc. #72, pp. 13-15).

Reconsideration of the omitted claims will not delay the adjudicative process or inconvenience Respondent. There is considerable overlap between the issues implicated by the free-standing claim of ineffective assistance raised in the Fourteenth Ground for Relief and those raised in the dismissed claims. Respondent's counsel has already briefed the merits of the dismissed claims in her answer to the petition. The fact that this proceeding involves review of a death sentence is an additional compelling reason for exercising the Court's discretion in a manner that ensures a full and fair review of all of Petitioner's constitutional claims.

WHEREFORE, for these reasons, Petitioner prays that the Court will grant this motion for reconsideration.

Respectfully submitted,
s/ Dennis C. Belli
DENNIS C. BELLI (0025216)
844 South Front Street
Columbus, Ohio 43206-2543
(614) 444-6556
bellilawoffice@yahoo.com

and

s/ Harry R. Reinhart
HARRY R. REINHART (0008294)
Reinhart Law Office
One Americana
400 South Fifth Street, Suite 202
Columbus, Ohio 43215-5430
(614) 228-7771

COUNSEL FOR PETITIONER

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2006, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ Dennis C. Belli
DENNIS C. BELLI (0025216)
COUNSEL FOR PETITIONER