**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JESSE J. COWANS**,<br>    *Petitioner,*<br><br>    v.<br><br>**MARGARET BAGLEY, Warden,**<br>    *Respondent.* | Case Number: C-1-00-618<br><br>Civil Action<br><br>JUDGE SARGUS<br>MAGISTRATE JUDGE ABEL<br><br>(Death Penalty Case) |

**RESPONDENT BAGLEY'S MEMORANDUM IN OPPOSITION TO
PETITIONER COWANS' MOTION FOR RECONSIDERATION OF OPINION
AND ORDER DISMISSING GROUNDS FOR RELIEF 2(C), (F) AND (G) AND 6**

                                      Respectfully submitted,

                                      **JIM PETRO
Attorney General**

                                      /s/ Daniel R. Ranke
                                      DANIEL R. RANKE (0047136)
(Trial Counsel) Assistant Attorney General
Capital Crimes Section
615 W. Superior Ave., 11th Floor
Cleveland, Ohio 44113
(216) 787-3030
(216) 787-3480 (fax)
**CCSReview@ag.state.oh.us**

**COUNSEL FOR RESPONDENT**

**MEMORANDUM IN SUPPORT**

**I.      Procedural History**

On July 31, 2000, Petitioner Cowans filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 5) Cowans correctly stated in the introductory paragraph that his July 31, 2000, petition was filed in accordance with this Court's directive to file a "shell petition" in conjunction with Cowans' petition for a stay of execution and request for appointment of counsel. Cowans specifically reserved the right to amend his petition at a later date. Cowans' "shell petition" contained nine (9) grounds for relief.

On October 31, 2000, this Court conducted a status conference during which Petitioner was given leave to file an amended petition for writ of habeas corpus. On May 3, 2001, Cowans filed his amended petition for writ of habeas corpus. (ECF No. 15) Cowans' amended petition contained twelve (12) grounds for relief. All claims initially raised in Petitioner Cowans "shell petition" were reasserted in the amended petition with the exception of the following:

> Petitioner Was Denied The Effective Assistance Of Counsel In Violation Of The U.S. Constitution As There Was A Breakdown In Communication Between The Attorney And Client That Prevented The Attorney From Adequately Preparing And Presenting A Defense. This Breakdown Resulted In A Denial Of Petitioner's Rights As Guaranteed By The Fifth, Sixth, Eighth and Fourteenth Amendments To The U.S. Constitution.

This claim was raised as the first ground for relief in Cowans' "shell petition" but was not contained within Cowans' first amended petition.

On April 8, 2002, Cowans filed a motion for leave to amend his habeas petition to include the above-referenced ground for relief that Petitioner maintained was inadvertently omitted from his previously filed amended petition. (ECF No. 39)

2

Respondent did not file an opposition to Cowans' motion for leave to amend. On May 22, 2002, this Court granted Cowans' motion for leave to amend his petition. (ECF No. 44) Cowans' amendment was filed on June 12, 2002. (ECF No. 45) On July 1, 2002, Respondent filed her response to Cowans' first amended petition. (ECF No. 46)

On January 23, 2004, Cowans filed a motion to stay the case pending the state court ruling on Cowans' recently filed application to reopen his direct appeal pursuant to App.R. 26(B). (ECF No. 64) Respondent opposed Cowans' motion to stay on February 2, 2004. (ECF No. 65) On September 28, 2004, this Court granted Cowans' motion to stay pending the state court disposition of Cowans' 26(B) application. (ECF No. 66) On August 9, 2004, the Ohio Supreme Court denied Cowans' 26(B) application to reopen his direct appeal. (See Status Report, ECF No. 67)

On November 3, 2004, Cowans filed a second motion for leave to file an amended petition for writ of habeas corpus seeking to assert a fourteenth ground for relief arising out of the ineffective assistance of appellate counsel claims that had recently been exhausted in the Ohio state courts through Cowans' 26(B) application. (ECF No. 68) Respondent once again opposed Cowans' motion. (ECF No. 70) On September 9, 2005, this Court granted Cowans' second motion for leave to file an amended habeas corpus petition. (ECF No. 72) At a subsequent status conference, the parties jointly agreed that Respondent's merit brief in response to Cowans' fourteenth ground for relief would be due by November 18, 2005. Respondent filed her merits brief in accordance with this Court's order.

On January 31, 2006, Cowans filed his responsive merit brief as to his fourteenth ground for relief. In addition, Cowans filed his motion for reconsideration of this Court's

previous opinion and order dismissing Cowans' grounds for relief 2(C), (F) and (G) and 6 on the basis of procedural default. Respondent now files her brief in opposition to Cowans' motion for reconsideration.

## II.   Argument

Pursuant to the four-part test set forth in Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986), Cowans' ineffective assistance of counsel claims raised in grounds for relief 2(C), (F) and (G) and 6 remain procedurally defaulted in habeas. When a federal habeas petitioner fails to fairly present a constitutional claim to the state courts, he procedurally defaults his claim in federal habeas corpus. A petitioner who has defaulted such claims may still bring his claims before the federal court. However, he must demonstrate cause for the default and actual prejudice before the federal courts will hear the defaulted claims. Murray v. Carrier, 477 U.S. 478, 488 (1986); United States v. Frady, 456 U.S. 152, 168 (1982). Demonstrating "cause" requires a showing that an objective factor external to the defense impeded counsel's efforts to comply with the State procedural rule. Murray, supra, at 488. Demonstrating "prejudice" requires showing a disadvantage "infecting" the trial with constitutional error. Frady, supra, at 168. This showing is greater than the showing a defendant would have to make on appeal to demonstrate plain error. Engle v. Isaac, 456 U.S. 107, 134-35 (1982). Some courts have held that this showing is greater than the prejudice showing necessary for ineffective assistance of counsel claims under Strickland v. Washington, 466 U.S. 668 (1984); Felder v. Johnson, 180 F.3d 206, 215 n.11 (5th Cir.) (collecting cases), cert. denied, 528 U.S. 1067 (1999).

As the U.S. Supreme Court made clear in Frady, when a court considers the cause and prejudice test, the court looks to see whether the *underlying claim* actually prejudiced

4

the petitioner. This Court also noted that the analysis must be grounded in the underlying claim: "prejudice . . . must be a result of the alleged constitutional violation." Maupin v. Smith, 785 F.2d at 139 (citing United States v. Frady). The petitioner "must therefore demonstrate prejudice based on his constitutional claim." Id.

Habeas petitioners frequently argue, as Petitioner Cowans does now, that their lawyer's deficient performance is "cause" for their procedural defaults. The United States Supreme Court and the Sixth Circuit have rejected this basis to excuse procedural defaults. In Murray v. Carrier, 477 U.S. 478, 486 (1986) the Court held:

> the mere fact that counsel failed to recognize the actual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.

In Jones v. Toombs, 125 F.3d 945 (6th Cir. 1997), cert. denied, 117 S.Ct. 2490 (1997), the Sixth Circuit rejected a habeas petitioner's attempted use of an ineffective assistance of counsel claim that he failed to independently present to the state courts to establish cause for waiver.[1] In so ruling, the Sixth Circuit held:

> The Court explained that the exhaustion doctrine "requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be sued to establish cause for a procedural default." Murray, 477 U.S. 488-89, 106 S.Ct. at 2645-46.
>
> Jones has provided no external factor that would have impeded his ability to raise his current claims in prior proceedings. Although Jones has consistently offered his claim of ineffective assistance of counsel to satisfy the cause requirement, we can find nothing in the record to indicate that Jones's claim of ineffective assistance was ever raised as an independent issue in state court. Accordingly, Jones has failed to satisfy the cause

---

[1] The Sixth Circuit's apparent reversal of this position in Carpenter v. Mohr 163 F.3d 938, 943-45 (6th Cir. 1998), cert. petition filed, 67 U.S.L.W. 3008, brings Jones' holding into some question. In Carpenter, the Sixth Circuit suggested that a petitioner may argue his appellate attorney's ineffectiveness as cause for a default despite the failure to present that claim independently and in a procedurally proper manner to the Ohio Courts. Carpenter flatly conflicts with Murray v. Carrier, 477 U.S. 478 (1986); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Justus v. Murray, 897 F.2d 709, 714 (4th Cir. 1990); Scroggins v. Lockhart, 934 F.2d 972, 974-75 (8th Cir. 1991); and Lostutter v. Peters, 50 F. 3d 392, 395 (7th Cir. 1995), cert. denied, 516 U.S. 843 (1995).

5

requirement of Coleman.

Additionally, the United States Supreme Court in Stewart v. LaGrand, 119 S.Ct. 1018 (1999), overruled Carpenter's core holding that ineffective assistance of counsel may constitute cause for a procedural default despite the fact that the claim of ineffectiveness was not brought in state court in a procedurally proper manner. See Carpenter, 163 F.3d at 943-45.

The petitioner in Stewart (LaGrand) argued that his execution by lethal gas was unconstitutional. The United States Supreme Court determined that LaGrand procedurally defaulted this claim. 119 S.Ct. at 1020. LaGrand argued (as Cowans does in this case) that his default for the underlying claim was excused by ineffective counsel, who failed to raise this challenge to his method of execution in state court.

The United States Supreme Court held that ineffective assistance of counsel could not be used as cause for failure to raise the claim in state court. The Court's holding was based on two premises: (1) LaGrand waived the ineffective assistance of counsel claim in district court; and (2) *LaGrand defaulted his ineffective assistance claim in state court because he failed to follow the proper state procedure for raising claims of ineffective assistance of counsel in state court.* Id. at 1021.

In sum, pursuant to Stewart, Cowans cannot argue ineffective assistance of appellate counsel as cause for his procedural defaults because he failed to comply with Ohio R. App. Pro. 26 in that he filed his application well beyond the 90-day deadline for that rule. His claim of ineffective assistance of appellate counsel is thus exhausted (and procedurally defaulted) on habeas corpus because it is clearly barred under state law. Gray v. Netherland, 518 U.S. 152, 116 S.Ct. 2074, 2080-81 (1996).

6

Cowans, despite the fact he was represented by a new attorney on direct appeal, failed to properly raise the underlying ineffective assistance of trial counsel claims in the Ohio Supreme Court. Since Cowans has not fairly presented the specific claims of ineffective assistance of counsel to the Ohio Courts, he cannot use this claim as cause to excuse his defaults. Without a finding of an independent constitutional violation on this limited basis, Cowans cannot establish cause for his defaults. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In her response to Petitioner Cowans' second amended petition for writ of habeas corpus (ECF No. 76) Respondent maintains, as she does currently, that Cowans' claims contained within his fourteenth ground for relief are defaulted because the Ohio courts did not conduct a merits review of those claims. See Bonilla v. Hurley, 370 F.3d 494 (6th Cir. 2004)(where the state court is silent as to its reasons for denying requested relief, the federal habeas court assumes that the state court would have enforced any applicable procedural bar). See also Simpson v. Sparkman, 94 F.3d 199, 203 (6th Cir. 1996).

In Cowans' responsive merit brief filed on January 31, 2006, (ECF No. 79) Cowans attempts to distinguish Bonilla from his case. See (ECF No. 79, pp. 4-5). Cowans is unsuccessful.

In Bonilla, the Ohio Supreme Court denied the petitioner's application for leave to file a delayed appeal in a brief unexplained one-line entry. In the subsequent habeas action, the Sixth Circuit concluded that the Ohio courts enforced the bar of un-timeliness noting that the state rule governing delayed appeals (Ohio Sup. Ct. Prac. II, §4(a)) involves a two-step process. First, the defendant must make a sufficient showing of

7

"adequate reasons" for the untimely filing. Second, once "adequate reasons" are set forth and the state court "grants a motion for delayed appeal" the defendant may then file a jurisdictional memorandum. The Ohio Supreme Court denied Bonilla's motion for a delayed appeal "after he completed the initial step in the process" i.e filing the motion for delayed appeal. Cowans notes that the Ohio court never granted Bonilla "permission to file a jurisdictional memorandum addressing the merits of his claims."

When one reviews the procedure followed by the Ohio Supreme Court in denying Cowans' motion to file a 26(B) application for reopening it is apparent that the Sixth Circuit's holding in Bonilla is equally applicable to Cowans' case. It is undisputed that Cowans filed an untimely 26(B) application to reopen his direct appeal. When one reviews Cowans' motion filed in the Ohio courts, it is apparent that he was completely unable to satisfy the good cause requirement for his untimely filing. See Supplement to Joint Appendix, ECF No. 74, p. 5. In fact, Cowans only claim of good cause is that the state public defenders office had not assigned counsel the task of reviewing the case until December 2003. Cowans ignores the fact that he was also represented by the Ohio Public Defender in state post-conviction who had presumably reviewed his file at that time and should have noted any claims of ineffective assistance of appellate counsel and presented those claims at the earliest possible opportunity. However no such claims were presented to the Ohio courts until 2004, nearly four years after the time for properly presenting these claims had expired. As such, Cowans did not satisfy the requisite step for consideration of his untimely 26(B) application and the Ohio courts were not required nor did they conduct a merits review of Cowans' claims.

Cowans argues further that even if Bonilla is applicable to his case, the recent

8

Sixth Circuit case of Franklin v. Anderson, Nos. 03-3636/3697, ___ F.3d ___, 2006 U.S. App. LEXIS 444 (Jan. 9, 2006) (published opinion), resolves all doubts in Petitioner's favor as to the defaulted status of his claims. (ECF No. 79, p. 7) Respondent does not agree with Cowans' contention.

Cowans accurately states that Franklin found the Ohio courts did not have a "firmly established and regularly followed" procedural rule governing the timeliness of a motion for a delayed application for reconsideration at the time petitioner's motion was filed in 1993. Id at 3-4. However, the remaining language contained in the Court's opinion as to whether the Ohio courts have been erratic in the enforcement of the ninety-day filing requirement in 26(B) cases is merely dicta and is flatly contradicted by previous existing precedent of the Sixth Circuit.

In Franklin, the majority of the panel found that the third prong of the test enunciated in Maupin v. Smith, 785 F.2d 135 (6th Cir. 1986), i.e. whether the procedural rule relied upon by the state is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim, was not satisfied due to uneven application of the good cause exception at the time of Franklin's filing. As noted in the Franklin dissent, in order to be independent, the procedural rule must rely in no part of federal law. See Coleman v. Thompson, 501 U.S. 722, 732-33 (1991). In order to be adequate, the rule must have been firmly established and regularly followed by state courts at the time of its application to the petitioner. See Ford v. Georgia, 498 U.S. 411, 423-24 (1991).

The Franklin dissent noted further that:

A rule is firmly established if, at the time of the petitioner's actions giving rise to the default, the petitioner could be deemed to have been appraised

9

>of the rule's existence. *Hutchinson v. Bell*, 303 F.3d 720, 737 (6th Cir. 2000). Finally, whether a rule is regularly followed is determined as of the date of the petitioner's conviction. *Rogers v. Howes*, 144 F.3d 990, pp4 n.5 (6th Cir. 1998).

Id. at 18.

It is the Respondent's position that contrary to the majority decision in Franklin, the good cause exception contained within Ohio's Rule 26(B) was both independent and adequate at the time of its application to Cowans 26(B) application in 2004. In Monzo v. Edwards, 281 F.3d 568, 577-78 (6th Cir. 2002), the Sixth Circuit confirmed that the procedural default inquiry is confined to the timeframe during which the state courts relied upon a state rule to bar consideration of the claim. *See also* Wickline v. Mitchell, 319 F.3d 813, 823 (6th Cir. 2003) and Richey v. Mitchell, 395 F.3d 660, 680 (6th Cir. 2004) ("We measure whether Rule 26(B) was 'firmly established and regularly followed by the time as of which it [was] to be applied.' Ford v. Georgia, 498 U.S. 411, 423-24, 112 L. Ed. 2d 935, 111 S. Ct. 850 (1991) (quotations omitted)"), *reversed on other grounds*, Bradshaw v. Richey, 546 U.S. ___, 2005 U.S. LEXIS 9033 (Nov. 28, 2005). In this respect, the Franklin decision appears to remain alone among Sixth Circuit opinions. See Sowell v. Bradshaw, 372 F.3d 821, 827 (6th Cir. 2004) (upholding Murnahan "procedure" as required in Ohio since 1983) and Hicks v. Collins, 384 F.3d 204, 212 (6th Cir. 2004) (Murnahan well settled since 1992 and therefore constituted an independent and adequate state ground).

The holding in Franklin and the situation it creates for the lower courts can be analogized to a similar situation created by the Sixth Circuit case of Davis v. Mitchell, 318 F.3d 682 (6th Cir. 2003) in which the Court, ignoring its own precedent, concluded that a unanimity jury instruction was constitutionally infirm despite two previous Sixth Circuit

10

cases finding the same unanimity jury instruction entirely proper.  See Scott v. Mitchell, 209 F.3d 854 (6th Cir. 2000) and Roe v. Baker, 316 F.3d 557, 563 (6th Cir. 2002).

In Taylor v. Mitchell, 296 F. Supp. 2d 784, 813 (N.D. Ohio 2003), the district court noted the conflicting rulings and concluded:

> Guidance to resolve the conflict between Davis and the court's earlier published decisions is found in the Sixth Circuit's rules of practice, which state: "Reported panel opinions are binding on subsequent panels. Thus, no subsequent panel overrules a published opinion of a previous panel. Court en banc consideration is required to overrule a published opinion of the court." Sixth Cir. Internal Operation Proc. 206(c). Moreover, in United States v. Smith, 73 F.3d 1414 (6th Cir, 1996) the Court held that "[a] panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." Id. at 1418 (quoting Salmi v. Sec'y of Health and Human Serv., 774 F.2d 685, 689 (6th Cir. 1985)); see also Roe v. Baker, 316 F.3d 557, 2002 WL 31426248, at *13 (6th Cir. Oct. 31, 2002) (Clay, J., concurring, writing separately to express continued objection to prior Sixth Circuit decision but noting its binding effect on present case). Accordingly, Coe, Scott, and Roe remain controlling authority in determining that Taylor's sentencing instruction was constitutionally sound.

Id. at 813.  See also Hartman v. Bagley, 333 F. Supp. 2d 632, 691 n. 16 (N.D. Ohio 2004) (finding in relation to unanimity jury instruction challenge "Although *Davis v. Mitchell* gives support for Hartman's argument, the Court is bound by prior published precedent of the Sixth Circuit since a panel cannot overrule another panel." Citations omitted)

Respondent maintains that the district court's reasoning in Taylor and Hartman is applicable to the affect or lack thereof Franklin may have on the procedural defaulted status of Cowans' fourteenth ground for relief.  Clearly Franklin is a departure from prior decisions of the Sixth Circuit as to whether the good cause exception contained within Rule 26(B) has been found to be an adequate and independent state ground.  Given that a panel of the Sixth Circuit cannot overrule the decision of a previous panel without *en banc*

11

consideration of the issue or an intervening United States Supreme Court decision, the prior decisions of the Sixth Circuit remain controlling authority. Therefore, as the district court recognized in both Taylor and Hartman, this Court is not bound by the decision in Franklin and is in fact bound by the appellate court's prior decisions in Wickline, supra, Richey, supra and Hicks, supra.

In the alternative should this Court somehow be persuaded that the Franklin Court's analysis is correct – that the procedural default analysis focuses on the firmness of the rule at the time of the federal decision – then that conclusion still weighs against Cowans' argument because the Ohio Supreme Court has uniformly upheld 26(b) timeliness defaults in capital cases in the last two years. State v. Twyford, 106 Ohio St. 3d 176 (Ohio 2005) (affirming denial of Murnahan application in capital case for several reasons, including failure to demonstrate good cause for untimely filing); State v. Gumm, 103 Ohio St. 3d 162, 163 (Ohio 2004) (affirming denial of Rule 26(b) application in capital case because of untimely filing nine years late; "We now reject Gumm's claim that those excuses gave him good cause to miss the 90-day deadline in App.R. 26(B). The rule was amended to include the 90-day deadline more than seven months before Gumm's appeal of right was decided by the court of appeals in February 1994, so the rule was firmly established then, just as it is today. Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved."); State v. LaMar, 102 Ohio St. 3d 467, 468 (Ohio 2004) (affirming denial of Rule 26(b) application in capital case because of untimely filing four years late; "The rule and its 90-day deadline were firmly established and regularly followed

in Ohio's courts by the time LaMar's appeal as of right was decided by the court of appeals in August 1998, and the same remains true today."); State v. Myers, 102 Ohio St. 3d 318, 319 (Ohio 2004) (affirming denial of Rule 26(b) application in capital case because of untimely filing four years late).

As set forth in the supplement to the joint appendix (ECF No. 74) Cowans filed his untimely 26(B) application in the Ohio Supreme Court on January 24, 2004. The Ohio Supreme Court denied Cowans' application for reopening on August 4, 2004. Even under Franklin, the Ohio Supreme Court had "renewed affirming the dismissal of Rule 26(B) applications in capital cases as untimely" by the time Cowans filed his 26(B) application in this matter.

Thus, Respondent contends that Cowans' ineffective assistance of appellate counsel claim – which is the cause upon which Cowans relies for resurrection of his ineffective assistance of trial counsel claim – cannot serve as cause for the default because the "cause" was itself procedurally defaulted and therefore ineligible to serve as cause. Carpenter v. Edwards, 529 U.S. 446, 452-53 (2000).

Finally, as set forth by Respondent in her response to Petitioner Cowans' second amended petition for writ of habeas corpus (ECF No. 76), Petitioner has failed to set forth any meritorious claims of ineffective assistance of counsel at any stage of his state court proceedings. Since Cowans' fourteenth ground for relief remains defaulted in habeas and he is unable to meet the "cause" and "prejudice" exception, this Court is not required to address the merits of Cowans' claims in federal habeas.

### III.  Conclusion

For the foregoing reasons, Respondent respectfully asks that this Court deny Petitioner Cowans' motion for reconsideration.

Respectfully submitted,

**JIM PETRO**
**Attorney General**

/s/ Daniel R. Ranke
DANIEL R. RANKE (0047136)
(Trial Counsel) Assistant Attorney General
Capital Crimes Section
615 W. Superior Ave., 11th Floor
Cleveland, Ohio 44113
(216) 787-3030
(216) 787-3480 (fax)
**CCSReview@ag.state.oh.us**

**COUNSEL FOR RESPONDENT**

### CERTIFICATE OF SERVICE

I hereby certify that on February 21st, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/Daniel R. Ranke
Daniel R. Ranke (0047136)
Assistant Attorney General
Capital Crimes Section
615 W. Superior Ave. 11th Floor
Cleveland, Ohio 44113
(216) 787-3030
(216) 787-3480 (fax)
CCSReview@ag.state.oh.us
