IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JESSE J. COWANS, | : | |
| Petitioner, | : | Case No. 1:00-cv-00618 |
| -vs- | : | JUDGE SARGUS |
| MARGARET BAGLEY, Warden, | : | Magistrate Judge Abel |
| Respondent. | : | *Death Penalty Case* |

## PETITIONER'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF OPINION AND ORDER DISMISSING GROUNDS FOR RELIEF 2(C), (F) AND (G) AND 6 (DOC. #49)

In opposing Cowan's motion for reconsideration of this Court's prior order dismissing Grounds for Relief 2(c), (f) and (g), Respondent relies primarily on *Bonilla v. Hurley*, 370 F.3d 494 (6th Cir. 2004) for her contention that Cowan's application for reopening his direct appeal in the Ohio Supreme Court was denied on the procedural ground of untimeliness. Respondent also asks this Court to disregard the very recent published opinion in *Franklin v. Anderson*, 434 F.3d 412 (6th Cir. 2006) in which the Sixth Circuit provides an extensive history of the Ohio Supreme Court's "erratic" enforcement of the timeliness requirement for reopening applications. Cowan's reply thereto follows.

I.

In *Bonilla*, the state court record showed that the Ohio Supreme Court had denied the petitioner's motion for leave to file a delayed appeal in an unexplained one-line entry. In concluding that the supreme court actually enforced the bar of

untimeliness, the Sixth Circuit examined the language of the current version of the Ohio Supremem Court rule governing delayed appeals [Ohio Sup. Ct. Prac. R. II, §4(a)] which involves a two-step process.

First, the defendant must make a sufficient showing of "adequate reasons" for the untimely filing of his notice of appeal from a judgment of the court of appeals. Second, if "adequate reasons" are demonstrated and the court "grants a motion for delayed appeal," the defendant may then file a jurisdictional memorandum containing the propositions of law and arguments in support of his claimed appeal as of right. *Id.*, 370 F.3d at 497.

In *Bonilla,* the Ohio Supreme Court had denied the petitioner's motion for a delayed appeal after he completed the first step of this two-step process. The supreme court never granted him permission to file a jurisdictional memorandum regarding the merits of his constitutional claims. Based on this chronology, the *Bonilla* panel concluded that the state court must have denied the delayed appeal for procedural reasons. *Id.*

In the earlier case of *Hill v. McMackin*, 893 F.2d 810 (6th Cir. 1989), the Sixth Circuit reached a contrary conclusion. Therein, the Ohio Supreme Court had also denied the petitioner's motion for a delayed appeal using an almost identically worded, unexplained journal entry. At the time of this ruling, the Ohio Supreme Court's procedure for filing a delayed appeal was not bifurcated. Former Ohio S. Ct. Prac. R. II, §8 (1986) required the defendant to file his notice of appeal, his reasons for the untimely filing, and his memorandum in support of jurisdiction at the same time.

2

The Sixth Circuit reversed the district court's dismissal of the petitioner's habeas petition, stating that "the district court erred in construing the Ohio Supreme Court's ambiguous order denying leave to appeal as procedurally rather than substantively grounded. Given that the Ohio Supreme Court did not clearly and expressly state that its ruling was based on a state procedural bar, the procedural default in this case did not bar consideration of Hill's federal claims on habeas review." *Id.*, 893 F.2d at 814.[1]

In the more recent case of *Abela v. Martin*, 380 F.3d 915 (6th Cir. 2004), the petitioner had filed a motion for relief from judgment in the Michigan state courts raising several claims of constitutional error. His motion alleged that ineffective assistance of his appellate counsel constituted "good cause" for his failure to raise these claims in his direct appeal as of right. The Michigan trial court denied the post-judgment motion and the state court of appeals affirmed that ruling. *Id.*, 380 F.3d at 920.

Thereafter, the Michigan Supreme Court denied his delayed application for leave to appeal the adverse ruling of the court of appeals. The one-line entry stated that "Defendant has failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." After the petitioner filed his habeas petition, the federal district court

---

[1] The precedential authority of *Hill v. McMackin* is not affected by *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991) wherein the hearing panel stated that "[t]o the extent that the holding in *Ylst* [*v. Nunnemker*, 501 U.S. 797, 115 L. Ed. 2d 706, 111 S. Ct. 2590 (1991)] conflicts with this court's statements in *Johnson v. Burke,* 903 F.2d 1056 (6th Cir. 1990*),* cert. denied, 112 L. Ed. 2d 142, 111 S. Ct. 178 (1990)*,* and *Hill v. McMackin,* 893 F.2d 810 (6th Cir. 1989)*,* suggesting that a federal court look to the very last state court opinion or order for a clear and express statement of reliance on state law grounds, they are hereby overruled." The Supreme Court's decision in *Ylst* dealt with the situation where an inferior state court issues a reasoned decision that expressly and unambiguously relies upon a state procedural bar and a superior court affirms the lower court's ruling in an unexplained order. In the latter situation, the federal habeas court may infer that the basis for the higher state court's ruling is the same as that of the lower court. The *Couch* panel's mention of *Hill* was largely gratuitous because *Hill* clearly did not involve the summary affirmance of a lower court's procedural ruling. Obviously, when the warden is claiming that the petitioner's default occurred *in the first instance* at the supreme court level, there is no basis to "look through" the high court's ruling for an explained lower court ruling invoking a procedural bar.

3

dismissed it on procedural default grounds. On appeal, the Sixth Circuit reversed. *Id*., 380 F.3d at 920-921.

The *Abela* panel examined the Michigan rule governing motions for relief from a criminal judgment (M.C.R. 6.508(D)) and noted that in addition to procedural grounds, "[a] court may deny relief from judgment under 6.508(D) for the *non-procedural* reason that the defendant simply failed to meet his burden of 'establishing entitlement to the relief requested.'" (emphasis supplied). *Id*., 380 F.3d at 922. The panel ultimately concluded that "[a]s such the Michigan Supreme Court's citation to M.C.R. 6.508(D) in its order denying Abela leave to appeal does not demonstrate that that court denied him leave to appeal on the basis of a procedural default[.]" *Id.*

Cowan's application for reopening recited the reasons why he believed that "good cause" existed for filing outside of the 90 day time period. His application further set forth the reasons why he believed that his Sixth Amendment right to the effective assistance of counsel was violated. Finally, his application identified the propositions of law that were previously omitted from his appeal due to counsel's ineffectiveness and the reasons why he was prejudiced by their omission. Under binding Sixth Circuit precedent, the Ohio Supreme Court's unexplained ruling does not demonstrate that the court denied his application due to untimeliness rather than the merits.

II.

Respondent also argues that this Court should be guided by cases such as *Monzo v. Edwards*, 231 F. 3d 568, 577 (6th Cir. 2002) wherein the Sixth Circuit stated that "[a] state procedural rule is adequate if it was 'firmly established' and 'regularly

followed' by the time it was applied in [the petitioner's] case." Cowans' application for reopening was filed on January 23, 2004. The Ohio Supreme Court denied the application on August 2, 2004.

In *Franklin v. Edwards, supra*, the Sixth Circuit summarized the recent history of the Ohio Supreme Court's enforcement of the timeliness requirement for reopening applications in capital cases as follows:

> . . . . A review of the relevant case law reveals that the Ohio Supreme Court has been erratic in its handling of untimely Rule 26(B) applications in capital cases. For several years following the enactment of amended Rule 26(B), the Ohio Supreme Court regularly enforced the rule's timeliness requirements. *See, e.g., State v. Mason, 90 Ohio St. 3d 66, 2000 Ohio 14, 734 N.E.2d 822, 822-23 (Ohio 2000)*; *State v. Dunlap, 89 Ohio St. 3d 277, 2000 Ohio 159, 730 N.E.2d 985, 986 (Ohio 2000)*; *State v. Ballew, 89 Ohio St. 3d 204, 2000 Ohio 134, 729 N.E.2d 753, 754-55 (Ohio 2000)*; *State v. Davis, 86 Ohio St. 3d 212, 1999 Ohio 160, 714 N.E.2d 384, 385-86 (Ohio 1999)*; *State v. Dennis, 86 Ohio St. 3d 201, 1999 Ohio 94, 713 N.E.2d 426, 427 (Ohio 1999)*; *State v. Fox, 83 Ohio St. 3d 514, 1998 Ohio 517, 700 N.E.2d 1253, 1254 (Ohio 1998)*; *State v. Hill, 78 Ohio St. 3d 174, 1997 Ohio 293, 677 N.E.2d 337, 338 (Ohio 1997)*; *State v. Whalen, 74 Ohio St. 3d 633, 1996 Ohio 6, 660 N.E.2d 1174, 1175 (Ohio 1996)*; *State v. Reddick, 72 Ohio St. 3d 88, 1995 Ohio 249, 647 N.E.2d 784, 786 (Ohio 1995)*. However, in 2000 it began ignoring the lower courts' dismissals of Rule 26(B) applications as untimely and affirming the dismissal of the applications on the merits. *See State v. Mack, 101 Ohio St. 3d 397, 2004 Ohio 1526, 805 N.E.2d 1108, 1109 (Ohio 2004)*; *State v. Goff, 98 Ohio St. 3d 327, 2003 Ohio 1017, 784 N.E.2d 700, 701 (Ohio 2003)*; *State v. Mitts, 98 Ohio St. 3d 325, 2003 Ohio 1007, 784 N.E.2d 698, 699-700 (Ohio 2003)*; *State v. Bryant-Bey, 97 Ohio St. 3d 87, 2002 Ohio 5450, 776 N.E.2d 480, 481-82 (Ohio 2002)*; *State v. Sneed, 96 Ohio St. 3d 348, 2002 Ohio 4768, 774 N.E.2d 1216, 1217-18 (Ohio 2002)*; *State v. Davie, 96 Ohio St. 3d 133, 2002 Ohio 3753, 772 N.E.2d 119, 120-21 (Ohio 2002)*; *State v. Smith, 95 Ohio St. 3d 127, 2002 Ohio 1753, 766 N.E.2d 588, 589-90 (Ohio 2002)*; *State v. Sanders, 94 Ohio St. 3d 150, 2002 Ohio 350, 761 N.E.2d 18, 19-20 (Ohio 2002). See State v. Moore, 93 Ohio St. 3d 649, 2001 Ohio 1892, 758 N.E.2d 1130, 1132-33 (Ohio 2001)*; *State v. Carter, 93 Ohio St. 3d 581, 2001 Ohio 1614, 757 N.E.2d 362, 363-64 (Ohio 2001)*; *State v. Biros, 93 Ohio St. 3d 250, 2001 Ohio 1339, 754 N.E.2d 805, 806-07 (Ohio 2001)*; *State v. Brooks, 92 Ohio St. 3d 537, 2001 Ohio 1278, 2001 Ohio 1323, 751 N.E.2d 1040, 1042-43 (Ohio 2001)*; *State v. Jalowiec, 92 Ohio St. 3d 421, 2001 Ohio 164, 751 N.E.2d 467, 467-68 (2001)*; *State v. Palmer, 92 Ohio St. 3d 241, 2001 Ohio 188, 749 N.E.2d 749, 751-52 (Ohio 2001)*; *State v. Hooks, 92 Ohio St. 3d 83, 2001 Ohio 150, 748 N.E.2d 528, 530-31 (Ohio 2001)*; *State v. Bradley, 91 Ohio St. 3d 570,*

> *2001 Ohio 116, 747 N.E.2d 819, 820 (Ohio 2001); State v. Sheppard, 91 Ohio St. 3d 329, 2001 Ohio 52, 744 N.E.2d 770, 771 (Ohio 2001); State v. Hill, 90 Ohio St. 3d 571, 2001 Ohio 20, 740 N.E.2d 282, 283-84 (Ohio 2001); State v. Jells, 90 Ohio St. 3d 454, 2000 Ohio 93, 739 N.E.2d 345, 346 (Ohio 2000)*. Recently, in yet another reversal of practice, the Ohio Supreme Court has renewed affirming the dismissal of Rule 26(B) applications in capital cases as untimely. *See State v. Gumm, 103 Ohio St. 3d 162, 2004 Ohio 4755, 814 N.E.2d 861, 862-63 (Ohio 2004); State v. LaMar, 102 Ohio St. 3d 467, 2004 Ohio 3976, 812 N.E.2d 970, 971-72 (Ohio 2004); see also State v. Myers, 102 Ohio St. 3d 318, 2004 Ohio 3075, 810 N.E.2d 436, 437-38 (Ohio 2004)* (court affirms dismissal as the application was both untimely and meritless).

*Id.*, 434 F.3d at 420-421.

According to the Sixth Circuit's chronology quoted above, the Ohio Supreme Court ignored the timeliness requirement in 19 cases decided between September 20, 2000 [*State v. Jells, supra*] and April 14, 2004 [*State v. Mack, supra*]. The court began regularly enforcing the 90 day filing requirement on August 11, 2004 [*State v. Lamar, supra*]. Between September 20, 2000 and August 11, 2004, the court decided one case [*State v. Myers, supra*] in which it affirmed a denial of a reopening application for untimeliness as well as on the merits.

In view of the foregoing, it is unclear why Respondent has a quarrel with the application of *Franklin* to Cowans' case. As of the date when Cowans filed his application for reopening, the Ohio Supreme Court had consistently ignored the timeliness requirement in a series of cases decided over a three year period. By the time that the supreme court denied Cowans' application, it had ignored the timeliness requirement in 19 appeals and enforced it in only one. The latter case [*State v. Myers*] was decided more than five months after Cowans had filed his application for reopening. Under the circumstances, the timeliness requirement was not 'firmly

established' and 'regularly followed' by the time it was applied in [the petitioner's] case." *Monzo, supra*.

For these additional reasons, Cowans prays that the Court will grant his motion for reconsideration.

s/ Dennis C. Belli
DENNIS C. BELLI (0025216)
844 South Front Street
Columbus, Ohio 43206-2543
(614) 444-6556
bellilawoffice@yahoo.com

and

s/ Harry R. Reinhart
HARRY R. REINHART (0008294)
Reinhart Law Office
One Americana
400 South Fifth Street, Suite 202
Columbus, Ohio 43215-5430
(614) 228-7771

COUNSEL FOR PETITIONER

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2006, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ Dennis C. Belli
DENNIS C. BELLI (0025216)
COUNSEL FOR PETITIONER