IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JESSE COWANS,

       Petitioner,

   -v-

MARGARET BAGLEY, Warden,

       Respondent.

Case No. 1:00cv618
JUDGE SARGUS
Magistrate Judge Abel

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. §2254. This matter is before the Court upon petitioner's motion for reconsideration of the Opinion and Order (Doc. # 49) dismissing grounds 2(c), 2(f), 2(g), and 6 (Doc. # 80), respondent's memorandum in opposition (Doc. # 81), and petitioner's reply in support (Doc. # 82). Also before the Court are petitioner's second amended petition adding ground fourteen (Doc. # 68), respondent's response (Doc. # 76), and petitioner's responsive merit brief (Doc. # 79).

I. Introduction

On September 9, 2005, this Court issued an Opinion and Order (Doc. # 72) allowing petitioner to amend his habeas corpus petition to add the following claim:

> **Fourteenth Ground for Relief**: Petitioner was denied the effective assistance of appellate counsel when appellate counsel failed to present meritorious issues for review in petitioner's direct appeal thereby violating petitioner's rights as guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution.
>
> 1)    Trial counsel were constitutionally ineffective when they failed to ensure that Appellant's waiver of his right to present mitigation evidence was knowing, intelligent, and voluntary.

    2)   Trial counsel were constitutionally ineffective when they failed to establish the blood type found on a swab of blood taken from the crime scene, and to determine whether it belonged to the victim, the defendant, or some unknown assailant.

    3)   Trial counsel were constitutionally ineffective when they failed to challenge the state's evidence that a palm print, found in the victim's kitchen, allegedly matched Appellant's palm print.

    4)   Appellant's death sentence was imposed in an arbitrary and capricious manner, in violation of the Eighth Amendment, when the jury was prevented from hearing relevant mitigation evidence due to Appellant's invalid waiver of mitigation without having his competency examined.

(Doc. # 72, at 16-17.) On November 16, 2005, respondent filed a response to petitioner's newly-added claim, arguing respectively that the claim was procedurally defaulted, untimely under the statute of limitations, and in any event without merit because the Ohio Supreme Court's one-line entry rejecting it did not contravene or unreasonably apply clearly established federal law. (Doc. # 76.) Petitioner filed a responsive merit brief on January 31, 2006 answering that this Court has already rejected respondent's statute of limitations argument, that his claim is not procedurally defaulted not only because the Ohio Supreme Court's decision rejecting it did not clearly and expressly reject it as untimely but also because the timeliness requirement set forth in Ohio R. App. P. 26(B) was not firmly established at the time that petitioner filed his Rule 26(B) application for reopening, and that this Court should find, exercising de novo review, that petitioner's appellate counsel ineffectiveness claims are meritorious under *Strickland v. Washington*, 466 U.S. 668 (1984). (Doc. # 79.)

    On January 31, 2006, petitioner also filed a motion for reconsideration of this Court's Opinion and Order dismissing grounds 2(c), 2(f), 2(g), and 6 as procedurally defaulted. (Doc. # 80.) Once a court determines that a claim is subject to procedural default, and that the procedural

2

default is an adequate and independent ground upon which to deny relief, habeas corpus review is precluded unless the petitioner can demonstrate cause and prejudice for the procedural default. In dismissing the claims set forth above as procedurally defaulted, the Court noted that petitioner had offered no "cause" arguments to excuse the default of those claims. Petitioner now seeks to offer a "cause" argument, *i.e.*, ineffective assistance of appellate counsel, and asks this Court to revisit its decision dismissing those claims as procedurally defaulted and consider whether appellate counsel ineffectiveness constitutes cause and prejudice to excuse the defaults.

Respondent opposes petitioner's motion for essentially the same reasons that she cited in her response to petitioner's second amended petition. Respondent's primary argument is that petitioner cannot even offer appellate counsel ineffectiveness as cause to excuse any procedural default because the state courts rejected petitioner's appellate counsel ineffectiveness claims as untimely without reaching the merits. *See Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000)(holding that an ineffective assistance of counsel claim offered as cause for the default of a substantive federal claim must first be properly presented to the state courts). Alternatively, respondent argues that petitioner's appellate counsel ineffectiveness claims are without merit and are, accordingly, insufficient to excuse the default of any constitutional claims.

Thus, the preliminary issue before the Court is determining whether the appellate counsel ineffectiveness claims set forth in petitioner's newly-added fourteenth ground for relief are barred by procedural default, as respondent contends.[1] In the Sixth Circuit, a four-part analysis

---

[1] To the extent respondent argues that the appellate counsel ineffectiveness claims set forth in petitioner's fourteenth ground for relief are barred by the statute of limitations, (Doc. # 76, at 5-6), the Court concludes for the reasons set forth in its September 9, 2005 Opinion and Order, (Doc. # 72, at 8-13), that those claims relate back to the date that petitioner filed his initial habeas corpus petition and are not time-barred under the statute of limitations set forth under 28 U.S.C. §2244(d)(1).

must be undertaken when the state argues that a federal habeas claim is waived by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must decide that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id.*

The first part of the *Maupin* test requires the Court to determine whether a state procedural rule is applicable to petitioner's claim, and, if so, whether petitioner violated that rule. In *State v. Murnahan*, 63 Ohio St. 3d 60 (1992), the Supreme Court of Ohio held that claims of ineffective assistance of appellate counsel may be raised in an application for reconsideration in the court of appeals or in a direct appeal to the Supreme Court and that, where the time period for reconsideration in the appellate court and direct appeal to the Supreme Court has expired, appellate counsel ineffectiveness claims may be raised in an application for delayed reconsideration in the court of appeals pursuant to Ohio R. App. P. 26 and 14(B). *Murnahan*, 63 Ohio St. 3d at paragraphs two and three of the syllabus. At the time *Murnahan* was decided, Ohio R. App. P. 26 provided that motions for reconsideration in the court of appeals had to be filed within ten (10) days of the journalization of the court of appeals' decision; Ohio R. App. P.

4

14(B) allowed courts of appeals to enlarge or reduce time limits "for good cause shown." Rule 26 was later amended in response to the *Murnahan* decision and, effective July 1, 1993, Ohio R. App. P. 26(B) required applications for reopening to be filed within ninety days of the journalization of the appellate court's original decision on direct appeal, unless the applicant shows good cause for filing outside the ninety day limit.

S.Ct.Prac.R. XI, Section 6 mirrors Ohio R. App. P. 26(B) as to death penalty cases for offenses committed on or after January 1, 1995, after which appellants in those cases were entitled to just one appeal – directly to the Supreme Court of Ohio – and were accordingly entitled to the effective assistance of counsel at the Supreme Court level. Sub-part (A) of the rule requires the application to be filed within ninety days of the date of the Supreme Court's decision affirming the judgment against the appellant on direct appeal, or a showing of good cause for filing outside the ninety day period. Sub-part (B) sets forth additional requirements for the filing of an application for reopening, while sub-part (C) governs the filing of a response and sub-part (D) prescribes a page limitation for the application. Sub-part (E) indicates that the application will be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal. The remaining sub-parts relate to the procedures to be taken when the Supreme Court grants and/or conducts a hearing on the application.

The aggravated murder and related offenses at issue in this case were committed on August 29, 1996. Final judgment sentencing Petitioner Cowans to death was entered on April 16, 1997. The Supreme Court of Ohio issued a decision on October 20, 1999 affirming the judgment and death sentence against petitioner. Petitioner filed his application for reopening of his direct appeal, pursuant to S.Ct.Prac.R. XI, Section 6, on January 23, 2004 – some four years

5

after the Supreme Court's decision affirming the judgment against him.

Returning to the first part of the *Maupin* test, the Court is persuaded that the timeliness requirement set forth in S.Ct.Prac.R. XI, Section 6(A) was applicable to the appellate counsel ineffectiveness claims set forth in petitioner's fourteenth ground for relief, and that petitioner violated that rule by filing his application for reopening outside the ninety day limitations period. Thus, the first part of the *Maupin* test has been satisfied.

The second part of the *Maupin* test requires the Court to determine whether the state courts actually enforced the procedural rule. "[A] state procedural rule is an independent and adequate state ground only if the state court rendering judgment in the case clearly and expressly stated that its judgment rested on a procedural bar." *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996), *rev'd on other grounds*, 172 F.3d 49, 1998 WL 869967 (6th Cir. (Ky.) Dec. 4, 1998). In *Harris v. Reed*, 489 U.S. 255, 265-66 (1989), the Supreme Court held that a procedural default will not preclude consideration of a federal claim in federal habeas corpus unless the last state court rendering judgment in the case clearly and expressly stated that its judgment rested on that procedural bar. In order to determine whether the state courts clearly and expressly relied on a state procedural default, this Court must look to the last state court disposition providing reasons for its decision. *See McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991).

In the instant case, the last state court – the only state court – to address the appellate counsel ineffectiveness claims set forth in petitioner's application for reopening was the Supreme Court of Ohio. That court resolved petitioner's claims as follows:

> This cause came on for further consideration upon the filing of an application for reopening under S. Ct. Prac. R. XI, Section 6. Upon consideration thereof,

6

          IT IS ORDERED by the Court that the application for reopening be, and hereby is denied.

(Doc. # 74-2, Exh. C.) The Court is not persuaded that the Supreme Court of Ohio clearly and expressly relied on a state procedural default in rejecting petitioner's appellate counsel ineffectiveness claims. Specifically, the Court is not persuaded that the Supreme Court of Ohio clearly and expressly rejected petitioner's application for reopening as untimely.

In *Abela v. Martin*, 380 F.3d 915 (6th Cir. 2004), the Sixth Circuit was faced with an order by the Michigan Supreme Court denying the petitioner's motion for leave to appeal the judgment of the court of appeals below in which the Supreme Court included only a general reference to the relevant state court rule, *i.e.*, M.C.R. 6.508(D). In finding that the Michigan Supreme Court had not clearly and expressly rejected the petitioner's motion on procedural grounds, the Sixth Circuit explained:

> Although 6.508(D)(1), (2), and (3) lists specific procedural grounds for denying a defendant relief from judgment, these procedural grounds are not the exclusive grounds for which a court may deny relief pursuant to M.C.R. 6.508(D). A court may deny relief from judgment under 6.508(D) for the non-procedural reason that the defendant simply failed to meet his burden of "establishing entitlement to the relief requested." As such the Michigan Supreme Court's citation to M.C.R. 6.508(D) in its order denying Abela leave to appeal does not demonstrate that the court denied him leave to appeal on the basis of a procedural default, much less on the procedural ground described in M.C.R. 6.508(D)(3), which Respondent urges on this Court.

*Abela*, 380 F.3d at 922.

The situation before this Court is analogous. The Ohio Supreme Court's entry denying Petitioner Cowans's application for reopening citing only a general reference to S.Ct.Prac.R. XI, Section 6, like the Michigan Supreme Court's entry denying leave to appeal in *Abela*, leaves this Court without guidance as to which ground or grounds provided the basis for the dismissal. As

noted *supra*, S.Ct.Prac.R. XI, Section 6 lists several grounds for denying an application for reopening, only one of which is for being filed outside the ninety day limitation period, *i.e.*, S.Ct.Prac.R. XI, Section 6(A). An application could also be dismissed if the Ohio Supreme Court finds "no genuine issue as to whether the applicant was deprived of the effective assistance of counsel." S.Ct.Prac.R. XI, Section 6(E). That being the case, this Court cannot find that the Ohio Supreme Court clearly and expressly rejected petitioner's application for reopening on the procedural ground of untimeliness.

Citing *Bonilla v. Hurley*, 370 F.3d 494 (6th Cir.), *cert. denied*, 543 U.S. 989 (2004), respondent urges the Court to find, (or assume), that the Ohio Supreme Court's entry denying petitioner's application for reopening was a clear enforcement of the timeliness requirement set forth in S.Ct.Prac.R. XI, Section 6(A). But *Bonilla* is readily distinguishable. There, the Sixth Circuit held that the Ohio Supreme Court's entry denying the petitioner's motion for leave to file a delayed appeal constituted a procedural rule sufficient to bar habeas review. *Bonilla*, 370 F.3d, at 497. In so holding, the Sixth Circuit noted that the procedural rule governing motions for leave to file a delayed appeal, S.Ct.Prac.R. II, Section 2(A)(4), does not require applicants to include the actual claims or supporting arguments that they wish to present on appeal, instead directing applicants to submit those in a memorandum in support of jurisdiction only if the motion for leave is granted. "Thus, the applicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits." *Id.* The same cannot be said of S.Ct.Prac.R. XI, Section 6 governing applications for reopening.

Although this rule also contains provisions allowing for further briefing in the event that the application is granted, it also contains a provision allowing for the dismissal of the

8

application on its face for, among other things, failing to demonstrate a genuine issue as to whether the applicant was deprived of the effective assistance of counsel. That being so, an entry failing to delineate which provision of S.Ct.Prac.R. XI, Section 6 provided the basis for dismissing the application, as here, prohibits this Court from finding that the entry constitutes a clear and express enforcement of procedural default. The Court finds, as a result, that the second part of the *Maupin* test has not been met.

Because the Court finds that the second part of the *Maupin* test has not been met, it is not necessary for the Court to address the parties' arguments about whether Ohio's state procedural rule governing timeliness requirement for applications for reopening is an adequate and independent state ground upon which to foreclose habeas corpus review and deny relief. In *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006), *r'hng. and r'hng en banc denied* (May 9, 2006), the Sixth Circuit held that, at the time the petitioner therein had filed his motion for delayed reconsideration in the intermediate court of appeals to assert claims of appellate counsel ineffectiveness, the Ohio courts did not have a firmly established and regularly followed procedural rule governing the timeliness of motions for delayed reconsideration. In any event, this Court need not determine whether, or to what extent, *Franklin* compels the conclusion in this case that the timeliness requirement set forth in S.Ct.Prac.R. XI, Section 6(A) was not a firmly established and regularly followed procedural rule at the time that Petitioner Cowans's application was filed and decided because, as noted above, the Court has already determined that the Ohio Supreme Court did not clearly and expressly reject his application on the basis of procedural default.

Having determined that respondent's assertion of procedural default fails the second part of the *Maupin* test, the Court concludes that the appellate counsel ineffectiveness claims set forth in petitioner's newly-added fourteenth ground for relief are not procedurally defaulted and may be considered on the merits. Having determined that it can consider petitioner's appellate counsel ineffectiveness claims, the Court will grant petitioner's request to resolve those claims "on the merits when this proceeding reaches the final adjudication stage of the proceedings." (Motion for Reconsideration, Doc. # 80, at 1.)

For the foregoing reasons, petitioner's motion for reconsideration (Doc. # 80) is GRANTED. Accordingly, the Court will address in its dispositive opinion and order addressing the merits of petitioner's remaining claims whether the appellate counsel ineffectiveness claims set forth in petitioner's fourteenth ground for relief are meritorious, and, if so, whether appellate counsel ineffectiveness constitutes "cause and prejudice" sufficient to excuse the procedural default of grounds 2(c), 2(f), 2(g), and/or 6.

**IT IS SO ORDERED.**

                                               9-12-2006
                                      EDMUND A. SARGUS, JR.
                                      United States District Judge